UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**'08 CIV 4964**

---

DOUGLAS WAYNE MARTINEZ,

Plaintiff,

v.

BANK OF AMERICA, N.A and
BANK OF AMERICA CORPORATION

Defendant.

Case No.

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

*RECEIVED MAY 29 2008 U.S.D.C. S.D.N.Y. CASHIERS*

---

Plaintiff Douglas Wayne Martinez, on behalf of his aunt, Irene Ines Zetsche ("Ms. Zetsche") pursuant to a power of attorney, and for all other persons similarly situated, alleges the following on information and belief:

1. Plaintiff brings this Class Action on behalf of his aunt and all others similarly situated, as beneficiaries of fiduciary accounts where defendant Bank of America N.A. (the "Bank") serves or served as corporate fiduciary.

2. This Complaint alleges that the Bank, its corporate parent, Bank of America Corporation ("BAC") and various of their subsidiaries and affiliates had a corporate policy of using fiduciary accounts and the assets therein to generate improperly additional fee income and to reduce their own corporate expenses, even though this use of fiduciary assets was unnecessarily costly to fiduciary account beneficiaries such as plaintiff's aunt and the members of the Class. The use of fiduciary assets by the Bank and its affiliates to benefit themselves at the expense of the fiduciary account beneficiaries is a violation of the Bank's fiduciary obligations to Ms. Zetsche and the members of the Class. No claims are asserted herein pursuant to, under or related to the federal securities laws and no claim is made that the Bank made any

1

misrepresentations of fact or that it failed to disclose any facts to Ms. Zetsche or members of the Class.

3. All members of the putative Class were adversely affected by the Bank's breach of its fiduciary and contractual obligations to them.

## JURISDICTION AND VENUE

4. The substantive claims asserted herein arise under and pursuant to state statutes and common law.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1711, the Class Action Fairness Act of 2005, and 28 U.S.C. § 1367. The amount in controversy exceeds $5,000,000 exclusive of interest and costs and there is diversity of citizenship between plaintiff and the Bank.

6. This Court has personal jurisdiction over the Bank because it conducted and conducts business in the Southern District of New York on a regular and continuous basis during the time period of the wrongdoing alleged herein.

7. The Bank has multiple branches in this District.

8. The common stock of BAC, the parent of the Bank, is traded on the New York Stock Exchange, based in this District.

9. The Bank actively conducts its business as a corporate fiduciary in this District.

10. Venue is proper in this District as many of the acts and practices complained of occurred here. Further, many witnesses to the wrongful acts of the Bank, BAC and their subsidiaries and affiliates reside in or did business within this District, and many members of the Class reside in this District.

## THE PARTIES

11. Plaintiff Douglas Wayne Martinez brings this action on behalf of Ms. Zetsche and all other beneficiaries of the Bank's fiduciary accounts similarly situated. Plaintiff is a citizen of the State of Oklahoma and "stands in the shoes" of Ms. Zetsche as if she were bringing this action directly.

12. The Bank is a federally chartered bank domiciled in North Carolina, and is a wholly owned subsidiary of BAC also domiciled in North Carolina. For purposes of diversity of citizenship, the Bank is deemed to be a citizen of the State of North Carolina. At all relevant times, BAC controlled the business activities of the Bank.

13. At all relevant times, the Bank, its subsidiaries and affiliates charged (and/or are charging) substantial and excessive fees and expenses, directly and indirectly, to the fiduciary accounts of Ms. Zetsche and the members of the Class for their purported services.

## FACTUAL ALLEGATIONS

14. The Bank offers a variety of financial planning and investment advisory services to the public, including purportedly customized provision of the services of a corporate fiduciary including management of the assets held in fiduciary accounts.

15. To generate customers for its services, the Bank advertises its purported expertise in management of financial resources and its "customized unique and comprehensive solutions for each individual, integrating world-class investment management, trusts, credit and bank services."

16. The Bank and its corporate predecessors held themselves out to potential clients and those who would be likely to establish fiduciary relationships as a "Private Bank". One of the Bank's advertisements states:

## Bank Of America [Logo] Higher Standards
THE PRIVATE BANK
Managing today's complex wealth.
Balancing growth, risk, taxes
and grandchildren.

As your financial resources increase, perhaps you need more financial resources to manage them. The Private Bank of Bank of America has greater depth and breadth of wealth management expertise - across the financial spectrum - than any other private bank. Equally important, we bring this expertise together, creating more integrated solutions to your complex needs. And we provide these customized recommendations based on the extraordinary strength and stability of Bank of America. It's no wonder we've been entrusted to manage, protect and pass on wealth for more than 150 years. The Private Bank is dedicated to serving affluent families and individuals with complex wealth management needs. Our experienced advisors customize unique and comprehensive solutions for each individual, integrating world-class investment management, trusts, credit and bank services. We welcome the opportunity to work with you."

17. The Bank did, in fact, provide "comprehensive solutions" for the fiduciary accounts in its care by treating such accounts of Class members as "cookie jars" to unjustly enrich itself and BAC. The Bank used these accounts to maximize profits by, *inter alia*, "double dipping" fees and the Bank's subsidiaries and other entities charged various unnecessary advisory and administrative fees and expenses.

18. By acting as it did to put their own interests before those of the members of the Class to benefit itself, BAC and their affiliates and subsidiaries, the Bank's conflicts of interest caused massive damages to Ms. Zetsche and members of the Class by, inter alia, not providing to them the services to which they were and/or are legally entitled. By so acting, the Bank took advantage of its power over the fiduciary accounts in its care to enrich itself and others at the expense of Ms. Zetsche and other members of the Class.

19. Over the course of the last 20 years, the Bank and BAC acquired other financial institutions throughout the United States (the "Acquired Banks"), making the Bank one of the largest financial service providers in the world.

20. As the Bank grew, in breach of the obligations it had to the beneficiaries of the fiduciary relationships created with the Bank and the Acquired Banks, it provided to the beneficiaries of the fiduciary accounts in its care with less and less service. During 2000 and 2001, the Company terminated approximately 9,000 to 10,000 employees, many of whom were responsible for servicing fiduciary accounts on a personal and individualized basis. Concurrently, during the past 20 years, the Trust Departments of the Acquired Banks were closed on a regular basis, to be replaced by centralized fiduciary account administration through regional "Call Centers" and other similar impersonal means.

21. After each new acquisition of another "Acquired Bank" by BAC and the Bank, the fiduciary services offered by the Bank were further rationalized, including the elimination of individualized fiduciary services to which beneficiaries were and/or are entitled. At the same time, in order to generate additional profits from economies of scale, the Bank and the Acquired Banks unilaterally divested themselves of responsibility for many of the direct duties of a corporate fiduciary.

22. BAC, the Bank and their senior officers knew or should have known that their strategy of consolidating fiduciary account management into remote "Call Centers" and otherwise abandoning much of the responsibility for such accounts would adversely affect the administration and value (as well as the income therefrom) of the fiduciary accounts at the Bank and the Acquired Banks, all of which was and is in violation of the fiduciary duties owed to the beneficiaries of such accounts.

23. The Bank, BAC and their subsidiaries and affiliates reaped unjustly many millions of dollars in purported money management, investment advisory and other fees and expenses unnecessarily or otherwise improperly charged to the fiduciary accounts of Ms. Zetsche and the members of the Class.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of Ms. Zetsche and all other beneficiaries of the Bank's fiduciary accounts similarly situated pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure as a class action. The Class herein is defined as: all present or former beneficiaries of trusts or other fiduciary accounts for which the Bank acts or acted as a fiduciary, at any time from September 8, 1998" to the present (the "Class" and "Class Period").

25. Plaintiff seeks, *inter alia*: (i) an accounting for all damages caused by defendants to Ms. Zetsche and the members of the Class and the extent of the unjust enrichment of the Bank arising from its wrongful activities, as well as repayment of such unjust enrichment and the earnings thereupon; (ii) money damages to be paid by the Bank; (iii) injunctive relief providing for the possible removal of the Bank as fiduciary for all fiduciary accounts in which members of the Class are currently beneficiaries; (iv) injunctive relief providing for new procedures and practices at the Bank which put the interests of members of the Class ahead of those of the Bank, Bac, their subsidiaries and affiliates and which otherwise address the ongoing conflicts of interest faced by the Bank including, *inter alia*, providing for the creation of a so-called "Chinese Wall" separating the Bank's fiduciary functions from all other operations at the Bank, BAC, their subsidiaries and/or affiliates; (v) injunctive relief providing for the appointment of a Special Master to oversee the Bank's fiduciary operations pending completion of the other injunctive relief ordered by the Court; and (vi) for relief incident and subordinate thereto, including

substantial punitive damages as a result of the greed-driven and egregious self-dealing engaged in by the Bank.

**Numerosity**

26. Upon information and belief, the Bank serves as a corporate fiduciary (i.e., trustee, guardian, executor, etc.) for many thousands of fiduciary accounts affected by the wrongdoing described herein. At relevant times hereto, it served as a trustee for the trust of which Ms. Zetsche is a beneficiary.

27. The exact number of members of the Class is not known by plaintiff, but is within the sole knowledge of the Bank. Upon information and belief, the members of the Class are so numerous as to make a class action appropriate with such Class being composed of hundreds or thousands of members.

28. On information and belief, the members of the Class are located in most or all fifty states, and in numerous foreign countries.

**Common Issues of Law and Fact Predominate**

29. All members of the Class were subjected to increased and/or unnecessary fees and expenses and deprived of their fiduciary's abdication of full responsibility for their accounts as a result of the Bank's self-serving business decisions and putting its own interests before those of Ms. Zetsche and members of the Class.

30. All members of the Class were adversely affected by the diminution of services resulting from the acquisitions of other financial institutions by the Bank and BAC and, in the wake thereof, the Bank's greatly reduced fiduciary services including, *inter alia,* the use of "Call Centers" in lieu of experienced trust officers with knowledge of individual beneficiaries and their circumstances.

31.  There are common questions of law and fact that relate to and affect the rights of each member of the Class including, *inter alia*:

(a)  whether the Bank breached fiduciary duties to Ms. Zetsche and the members of the Class by failing to conduct its fiduciary operations in conformity with the requirements of the National Banking Act, the guidelines established by the Comptroller of the Currency and other applicable law and regulations;

(c)  whether the Bank breached its fiduciary duties to all members of the Class by managing the fiduciary accounts of Ms. Zetsche and the members of the Class based upon the Bank's own interests rather than the interests of the beneficiaries of such fiduciary accounts;

(d)  whether the Bank, despite its obligations, divested itself of material responsibilities inherent in its role as a corporate fiduciary; and

(f)  what remedies are appropriate compensation for the damages caused to plaintiff and each member of the Class.

32.  The relief sought is common to the entire Class including, inter alia:

(a)  a declaratory judgment that the Bank violated its fiduciary duties as Trustee (or other similar fiduciary role) with respect to the affected fiduciary accounts;

(b)  payment by the Bank of compensatory damages caused by its breaches of fiduciary duties, as well as substantial punitive damages;

(c)  an injunction preventing the Bank from opposing petitions by fiduciary account beneficiaries seeking to replace it as corporate fiduciary; and

(d)  an injunction establishing appropriate procedures and safeguards to ensure that the interests of fiduciary account beneficiaries are fully protected from wrongdoing by the Bank.

**Typicality and Predominance of Plaintiff's Claims**

33.　The interests of Ms. Zetsche and each member of the Class have been adversely affected by the wrongdoing of the Bank as described herein.

34.　The assets of the respective Ms. Zetsche's fiduciary account, like all other fiduciary accounts of members of the Class, were charged, directly and indirectly, unnecessary and excessive fees and expenses pursuant to a wholesale business policy decision by the Bank, BAC and their senior officers.

35.　Upon information and belief, the account of Ms. Zetsche, like all other fiduciary accounts, was used by the Bank improperly to generate additional management, investment advisory and/or other fees, charges and benefits for the Bank, BAC and their subsidiaries and affiliates without regard for the best interests of the beneficiaries of such accounts such as Ms. Zetsche and the members of the Class.

36.　The claims of plaintiff, on behalf of Ms. Zetsche, are common to all members of the Class and predominate over any individual claims they have against the Bank.

37.　Plaintiff's claims are typical of the claims of all members of the Class. The claims asserted on behalf of Ms. Zetsche are based on the same fundamental factual allegations and legal theories as the claims of all other members of the Class.

**Plaintiff Will Fairly and Adequately Represent the Class**

38.　Plaintiff can and will fairly and adequately protect the interests of the Class and its members.

39.　Plaintiff's attorney is experienced and capable of prosecuting complex litigation such as this case. Plaintiff's attorney will actively conduct and be responsible for the prosecution of this litigation and the expenses thereof.

40. Defendants acted and are acting in the same manner as to all members of the Class and final injunctive relief is appropriate respecting the Class as a whole.

## COUNT I

### Breach of Fiduciary Duty

40. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

41. As a result of this breach of the Bank's fiduciary obligations owed to Ms. Zetsche and the other members of the Class, they have been damaged in an amount to be determined at trial.

## COUNT II

### Unjust Enrichment

42. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

43. By reason of its actions as described above, the Bank was unjustly enriched at the expense of Ms. Zetsche and the other members of the Class.

44. The Bank has retained and invested the proceeds of the foregoing unjust enrichment and realized additional profits thereupon, all of which should be returned to the fiduciary accounts from which they were derived and/or their beneficiaries, pursuant to applicable law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests on behalf, on behalf of Ms. Zetsche and on behalf of all members of the Class:

(a) certification of this action as a class action and appointment of plaintiff and his counsel to represent the Class;

(b) entry of judgment and an award of damages on plaintiff's claims for breach of fiduciary duty in favor of plaintiff individually and as representative of the Class;

(c) entry of judgment enjoining the Bank from opposing any petition filed by any member of the Class seeking the removal of the Bank as corporate fiduciary and requiring the Bank to pay for all legal fees and expenses incident thereto including its own;

(d) entry of judgment compelling the Bank to account for its unjust enrichment and that of BAC, their subsidiaries and affiliates and disgorging the amount thereof (and the profits earned thereupon) to the fiduciary accounts affected by the wrongdoing described herein and/or their beneficiaries, as appropriate;

(e) entry of judgment compelling the Bank to fully insulate its fiduciary operations from all of its other business activities and those of BAC, their respective subsidiaries and affiliates;

(f) entry of judgment compelling the Bank to establish and implement procedures to fully protect the interests of the members of the Class including, *inter alia,* the appointment of a Special Master to oversee the Bank's fiduciary operations pending completion of the other injunctive relief ordered by the Court;

(h) pre-judgment and post-judgment interest at the maximum rate allowable by law;

(i) reasonable attorneys' fees and reimbursement of the reasonable costs and expenses of prosecuting this litigation and distributing the recovery to members of the Class; and

(j) such other or additional relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: May 29, 2008

                                                   **BROWER PIVEN**
                                                     A Professional Corporation

                                                   David A.P. Brower
                                                   488 Madison Avenue
                                                   Eighth Floor
                                                   New York, New York 10022
                                                   Telephone: (212) 501-9000
                                                   Facsimile:  (212) 501-0300

                                                   *Counsel for Plaintiff Douglas Wayne Martinez*
                                                   *and the proposed Class*