**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAWNE LULEFF, On Behalf of herself and all others similarly situated )<br><br>Plaintiff, )<br><br>vs. )<br><br>BANK OF AMERICA, N.A. and )<br>BANK OF AMERICA CORPORATION )<br><br>Defendants. ) | Civil Action No. 06-cv-01435-JGK |
| DOUGLAS WAYNE MARTINEZ, )<br><br>Plaintiff, )<br><br>vs. )<br><br>BANK OF AMERICA, N.A. and )<br>BANK OF AMERICA CORPORATION )<br><br>Defendants. ) | Civil Action No. 08-cv-04964-JGK |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF MARTINEZ'S**
**MOTION FOR CONSOLIDATION PURSUANT TO FED. R. CIV. P. 42(a)**

## I.    INTRODUCTION

Plaintiff Douglas Wayne Martinez, respectfully submits this memorandum in support of his motion, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate *Martinez v. Bank of America, N.A., et al.*, 1:08-cv-04964-JGK (S.D.N.Y.), filed on May 29, 2008 (the "*Martinez* Action"), with *Luleff v. Bank of America, N.A., et al.*, 1:06-cv-01435-JGK (S.D.N.Y), filed on Feb. 22, 2006 (the "*Luleff* Action") (collectively, the "Actions").

The two above-referenced putative class actions pending before this Court involve virtually identical questions of law **and** fact and, therefore, are appropriate for consolidation.

## II.    THE ACTIONS INVOLVE COMMON QUESTIONS OF LAW AND FACT

Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law *or* fact." Fed. R. Civ. P. 42(a) (emphasis added). Cases do not have to be identical to be consolidated, as long as they have overlapping issues. *See Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992). Consolidation is "invoked to 'expedite trial and eliminate unnecessary repetition and confusion.'" *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (citation omitted). The Actions allege overwhelming common questions of law **and** fact.

***First***, both actions allege identical causes of action against defendants for breaches of fiduciary duty and unjust enrichment. Indeed, *Luleff* Action alleges a single additional cause for action for breach of contract. Therefore, the *Martinez* Action alleges the same claims as the *Luleff* Action, and brings no new legal claims to the case that would delay or complicate adjudication.

***Second***, the Actions are based upon the same factual underpinnings and alleged wrongful conduct by defendants; namely, that defendants Bank of America, N.A. and Bank of America Corporation used fiduciary assets to benefit themselves at the expense of the beneficiaries of the fiduciary accounts managed by defendants. Therefore, the *Martinez* Action and the *Luleff* Actions will require substantially similar – if not identical -- discovery and trial evidence to prove the claims or to defend against them.

*Third*, the Actions, as demonstrated above, name the same two defendants. Neither case names any different or additional defendants. Therefore, not to consolidate the case would require litigating the same claims against the same defendants in two separate actions. This result would turn the purpose of Fed. R. Civ. P. 42 on its head.

*Fourth,* the Actions seek the same relief from the same defendants.

*Fifth* and finally, both Actions are putative class actions. As defined in the respective complaints, the members of the proposed classes in the two Actions are virtually identical. Therefore, without consolidation, there would be separate litigation of the two identical class actions, effectively violating the purpose of Fed. R. Civ. P. 23 to litigate common questions of law *or* fact in a single action, and to do so to avoid inconsistent adjudications and waste of judicial resources. *See, e.g.*, Fed. R. Civ. P. 23(b)(3).

## III.    A COURT HAS BROAD DISCRETION IN ORDERING CONSOLIDATION

By letter dated June 11, 2008, defendants opposed consolidation because, according to them, the *Luleff* Action is "tentatively resolved," that the Martinez trust at issue is an Oklahoma entity, and that, in defendants' view, the Martinez complaint does not adequately state a claim against one of the defendants that they, confusingly, refer to as "the Bank." None of these argument support denial of consolidation and, indeed, several of them support the relief that plaintiff Martinez seeks.

As a threshold matter, a court has broad discretion in determining whether consolidation is practical. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). In exercising this discretion, "considerations of judicial economy favor consolidation." *See id.* (citations omitted); *see also Barnet v. Elan Corp.*, 236 F.R.D. 158, 160 (S.D.N.Y.

2005) (citations omitted). In deciding whether the actions should be consolidated, the Court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *See Werner*, 797 F. Supp at 1211.

In this case, consolidation offers efficiency and convenience. "[S]eparate trials would contribute nothing but duplication and waste of judicial resources." *Bowers v. Navistar Int'l Transp. Corp.*, No. 88 CIV 8857 (SS), 1993 U.S. Dist. LEXIS 6129, at *11 (S.D.N.Y. May 10, 1993). Consolidation will result in one trial which will bind all plaintiffs and defendants. This will save time and avoid unnecessary costs to the defendants, the plaintiffs in the two actions, and witnesses who would otherwise be required to testify in both cases, the members of the proposed class, and this Court.

Although defendants in the *Luleff* Action argue that consolidation will cause delays because the Actions are in different stages of proceedings, this reason has not precluded courts from consolidating. *See Werner*, 797 F. Supp at 1210-12. Furthermore, as the record in the *Luleff* Action demonstrates, procedurally, the *Luleff* Action is little more further along than the *Martinez* Action– both are at the initial pleading stage. While defendants filed a previous motion to dismiss the *Luleff* Action, following a hearing before this Court on September 7, 2007, plaintiff Luleff was invited by this Court to re-plead and did so on September 21, 2007. Defendants subsequently filed a motion to dismiss the pending *Luleff* complaint, but that motion has not yet been argued or decided, and no discovery has occurred in the *Luleff* Action. Thus, for all practical purposes, the *Luleff* Action is at its very earliest stage notwithstanding its filing date.

Defendants' contention that the *Luleff* Action is "tentatively resolved," also supports consolidation. If it has been resolved appropriately for all alleged members of

the class asserted in the *Luleff* Action as required by Fed. R. Civ. P. 23(e), then the claims in the *Martinez* Action will be mooted upon court approval, and consolidation will result in no change in the circumstances in the *Luleff* Action or impact on defendants.  On the other hand, if the *Luleff* Action is settled for less than the entire class -- or even individually for plaintiff Luleff -- consolidation is even more imperative  Should plaintiff Luleff seek to abandon the class on whose behalf she brought the *Luleff* Action, and the Actions are not consolidated, this Court will have wasted almost two years supervising the *Luleff* Action only to have another District Judge hear the claims asserted in that case on behalf of the same class in the *Martinez* Action.  To squander those judicial resources, coupled with the loss of the historic memory and familiarity of this Court with the overwhelming factual and legal issues that are common to both Actions, would constitute the very worst kind of waste.  Indeed, one wonders why defendants would not welcome the consolidation of the claims in the *Martinez* Action before a Court that is already familiar with the claims to save them time, money and effort – factors that are typically concerns for defendants in class actions, and typically militates in favor of consolidation.

As to defendants' arguments regarding plaintiff Martinez's Oklahoma residence, if that fact is relevant at all, it also supports consolidation.  This Court has both subject matter and personal jurisdiction over both defendants – something that defendants do not -- and, indeed, cannot -- credibly deny.  Therefore, this argument has no legal relevance. Furthermore, defendants' argument has no practical merit.  The *Luleff* Action, brought by a Missouri resident and involving a Missouri-domiciled trust, like the *Martinez* Action, is brought as a nationwide class action.  Presumably, there are members of the Class asserted in the *Luleff* Action who reside in all fifty states and the District of Columbia,

just as there are in the *Martinez* Action.  If the individual residences of Class members did not matter jurisdictionally for the *Luleff* Action, the individual state of residence for plaintiff Martinez cannot matter for the *Martinez* Action.

Additionally, plaintiff Martinez is a member of the Class in the *Luleff* Action; therefore, he could have intervened at any time before the decision on class certification in the *Luleff* action, *see* Fed. R. Civ. P. 23(d)(1)(B)(iii) or 24, or after class certification under Fed. R. Civ. P. 23(c)(2)(B)(iv), his state of residence is irrelevant.  For the same reason, his state of residence is irrelevant to whether his action should be consolidated with the earlier filed class action that purported to assert claims on plaintiff Martinez's behalf.  Plaintiff Martinez has the right to protect the interests asserted in his action in this Court against these defendants as well as those alleged on behalf of other Class members in the *Luleff* Action for almost two years in this District.  *See, e.g., See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553-54 (1974) (discussing the reliance of absent class members on the pendency of an action denominated a class action).

Defendants' arguments about the sufficiency of the *Martinez* complaint have nothing to do with consolidation.  If defendants believe they can successfully obtain dismissal of the *Martinez* complaint, the proper vehicle is a motion under Fed. R. Civ. P. 12, not opposition to Fed. R. Civ. P. 42(a) consolidation.  Indeed, whether or not *Martinez* Action is consolidated with the *Luleff* Action, the *Martinez* Action will proceed in this District before one of the judges of this District.  If defendants believe they can succeed, as a matter of law, on a motion directed to the adequacy of the *Martinez* pleading, they will presumably make their motion to dismiss whether or not the *Martinez*

action is before this Court or another judge of this District.    Therefore, defendants'
arguments in their June 11th letter seeking, albeit without explanation, to tie consolidation
of the *Luleff* and *Martinez* Actions to the sufficiency of the *Martinez* complaint has
nothing to recommend it.

Given this Court's two years of experience with *Luleff* Action and its knowledge
of the issues gained thereby, to now send a case with undeniable overwhelming common
questions of law and fact against the same defendants brought on behalf of members of
the same nationwide Class to another District Judge in the same District would seem, at
best, the least practical, efficient, or economic result.

## IV.    CONCLUSION

For all the reasons stated herein, plaintiff Martinez requests this Court to grant its
motion to consolidate of the Actions.


Dated: June 16, 2008

Respectfully submitted,


**BROWER PIVEN**
A Professional Corporation

   /s/  David A.P. Brower
David A.P. Brower
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300

*Counsel for Plaintiff Martinez*