**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

DAWNE LULEFF, on behalf of her minor daughter  
DESIRE COBBLE and all others similarly situated,

       Plaintiff,

     v.

BANK OF AMERICA, N.A.; COLUMBIA  
FUNDS SERIES TRUST f/k/a NATIONS FUNDS  
TRUST; WILLIAM P. CARMICHAEL; and  
BANK OF AMERICA CORPORATION,

       Defendants.

No. 06-CV-1435 (JGK)

--------------------------------------------------------------------x

DOUGLAS WAYNE MARTINEZ,

       Plaintiff,

     v.

BANK OF AMERICA, N.A. and  
BANK OF AMERICA CORPORATION

       Defendants.

Case No. 08-CV-4964 (JGK)

--------------------------------------------------------------------x

### RESPONSE OF DEFENDANTS BANK OF AMERICA, N.A. AND BANK OF AMERICA CORPORATION IN OPPOSITION TO THE MOTION OF PLAINTIFF DOUGLAS WAYNE MARTINEZ TO CONSOLIDATE

REED SMITH LLP  
599 Lexington Avenue  
New York, New York 10022  
(212) 521-5400

435 Sixth Avenue  
Pittsburgh, PA 15219  
(412) 288-3131

Attorneys for Defendants  
Bank of America, N.A. and  
Bank of America Corporation

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ....................................................................................................2

    A.    Plaintiff Martinez's Request Follows a Well Worn Path...........................3

    B.    The *Martinez* Complaint is Vague and Conclusory.................................4

III.  ARGUMENT .........................................................................................................6

    A.    The Request to Consolidate is Moot.........................................................6

    B.    The Issue of Consolidation is Not Ripe.....................................................6

    C.    Consolidation will not Promote Convenience or Efficiency. ....................7

IV.   CONCLUSION.....................................................................................................10

## I.   INTRODUCTION

Defendants are caught in a web of litigation they cannot escape. A consortium of Plaintiffs' counsel has now filed ten class actions against the Bank Defendants, nearly all of which have been dismissed. Just one month ago, Defendants believed that, after five years, the litigation was nearing an end. Bank of America, N.A. (the "Bank") obtained an award of $1.6 million in fees and costs in its favor from the Court presiding over the first filed case, the Court of Appeals for the Eighth Circuit affirmed the dismissals of two of the cases based upon federal preemption – the same argument the Bank Defendants have raised in the motion to dismiss pending in *Luleff* – and then the plaintiff in *Luleff* agreed to resolve this last case and to dismiss her individual claims with prejudice. Yet, immediately after *Luleff's* tentative resolution, two new cases were filed against Bank of America – one before this Court, *Martinez v. Bank of America, N.A.*, and one in San Francisco. Without even serving the Complaint, Plaintiff in *Martinez* moved to consolidate his case with *Luleff*. For a number of reasons, Bank of America opposes consolidation.

First, the decision on whether to consolidate should be denied because the cases are at decidedly different states (e.g., one starting and one ending), and with *Luleff's* tentative resolution, the issue of consolidation is moot.

Second, the issue of consolidation is not ripe. Plaintiff has not even served the *Martinez* Complaint. When the Complaint is served, the Bank Defendants will move to dismiss *Martinez* for lack of subject matter jurisdiction. Further, the *Martinez* case, with a Missouri trust and an Oklahoma plaintiff, has no connection to this forum and should be dismissed on *forum non conveniens* grounds. Finally, there are no facts pled in the *Martinez* Complaint – not one as to the trust at issue, and accordingly, the Complaint does not state a claim.

Third, there are no efficiencies or economies to be achieved by consolidation because of the differences in fact and law applicable to the two cases. Accordingly, Plaintiff's request to consolidate should be denied.

## II. BACKGROUND

### A. *Plaintiff Martinez's Request Follows a Well Worn Path.*

The claims asserted in *Luleff* were first pressed in 2002 in the case of *Hughes v. LaSalle Bank, N.A.*, 419 F.Supp.2d 605 (S.D. N.Y. 2006), *vacated on other grounds*, 2007 WL 4103680 (2d Cir. Nov. 19, 2007).[1]  Plaintiff's counsel in *Luleff*, Daniel Cobrinik, and Richard Greenfield represented the plaintiffs in the *Hughes* action and pressed the *Hughes* case for several years, with extensive discovery and motions practice, until its dismissal in 2006. *See Hughes*, 419 F.Supp.2d 605[2].

After the filing of *Hughes*, Mr. Greenfield filed two cases against the Bank Defendants in Florida and California challenging the Bank's trust administration and investments in affiliated mutual funds.  On the eve of the class certification deadline in the Florida case, the plaintiffs, with Mr. Greenfield's assistance, dismissed and re-filed their case in Missouri. *See Siepel v. Bank of America, N.A.*, 239 F.R.D. 558, 562-63 (E.D. Mo. 2006), *aff'd*, 526 F.3d 1122 (8th Cir. 2008) (outlining the history of the cases).  After the Court in the California case set a tight class certification deadline, the plaintiffs, again with Mr. Greenfield's assistance, moved to dismiss that case as well. *Id.* at 563.  Mr. Greenfield then partnered with Steven Hamburg, a lawyer in Missouri, and began filing multiple suits against Bank of America in Missouri. *See id.* at 561-63.  Five cases were filed in Missouri.  All have been dismissed, with the Court of Appeals for the Eighth Circuit affirming the dismissal of the last case just two weeks ago. *Kutten v. Bank of America, N.A.*, No. 07-3565, 2008 WL 2406232, at *1 (8th Cir. June 16, 2008) (copy attached)

---

[1]     In the only opinion to address the merits, the Court in *Hughes* noted that the conduct challenged in *Luleff* – the investment of trust assets in affiliated mutual funds – is *permitted* under state law. *See Hughes*, 419 F.Supp.2d at 619.

[2]     In the end, when the Hughes tried to amend the complaint yet again, the Court chastised their gamesmanship with amended complaints. *Hughes v. LaSalle Bank, N.A.*, No. 02-Civ.6384, 2006 WL 1982983, at *6 (S.D.N.Y. July 14, 2006).

(describing the claims using almost identical language to what plaintiff's counsel in *Luleff* has used here).

In early 2006, the plaintiffs in the Missouri cases were not faring well. Three different judges denied every discovery motion they filed as overreaching, burdensome or seeking irrelevant information - 21 in all were denied. *Siepel*, 239 F.R.D. at 564 ("More noteworthy is the fact that other courts have uniformly rejected Plaintiffs' discovery challenges and demands, and have cautioned Plaintiffs against making vague claims of misconduct. For example, in *Kutten I*, Judge Adelman found Plaintiffs' requests overly broad and unduly burdensome.") Also, in early 2006, the Bank Defendants moved to dismiss *Kutten* because the Plaintiffs had not provided a scintilla of evidence of any damage in their expert reports. *See Kutten v. Bank of America, N.A.,*, No. 04-0244, 2006 WL 1520588, at *2, *4 (E.D. Mo. May 26,2006) (granting Defendant's motion to dismiss because Plaintiffs had not provided a "scintilla of evidence of damage").

Faced with numerous obstacles in one forum, a new case - *Luleff* – was filed in yet the fourth forum in February 2006. At the same time, this new consortium of Plaintiffs' counsel moved to create a multi-district litigation proceeding (an "MDL") comprised of the cases they had filed. That request was also denied. *See Siepel*, 239 F.R.D. at 564.[3]

At the end of 2006, in *Siepel*, the Court concluded that the Missouri and Florida plaintiffs and their counsel in the other cases filed against Bank of America, that is Messrs. Hamburg and Greenfield, had engaged in forum shopping. *Siepel*, 239 F.R.D. at 564. While the *Luleff* case was not included in the recitation of the history of the litigation by the Court in *Siepel*, the Bank

---

[3] Plaintiffs' counsel has filed numerous motions to consolidate raising the very same arguments they press here, all of which have been denied. *See Siepel*, 239 F.R.D. at 564 ("the courts in *Kutten* [Missouri] and *Williams* [Florida], as well as the Judicial Panel on Multidistrict Litigation, have all rejected Plaintiffs' attempts to consolidate").

Defendants suspected that *Luleff* was merely a continuation of the antics of Plaintiffs' counsel. And indeed the Bank has confirmed those facts to be true.

First, Messrs. Cobrinik and Greenfield were co-counsel in *Hughes*. Second, it was no coincidence that a Missouri resident ended up filing suit with a New York lawyer in New York. Thereafter, the Bank Defendants confirmed that Mr. Hamburg, counsel with Mr. Greenfield in the Missouri and Florida cases, did indeed refer Ms. Luleff, a Missouri resident, to Mr. Cobrink, so that yet another case in a different forum could be filed against the Bank.

Finally, in April, 2008, the Florida Court in the first action filed against Bank of America awarded the Bank *$1.6 million* in fees and costs. After these events in May, 2008, Plaintiff Luleff and the Bank Defendants reached a tentative agreement to resolve this matter on an individual basis. All terms for resolution of *Luleff* have been reached except one. The only issue holding up completion of the *Luleff* settlement is the Bank has requested that the terms remain confidential – given Mr. Greenfield's propensity to issue press releases. The consortium of Plaintiffs' counsel, including Messrs. Greenfield and Hamburg, have discussed the settlement negotiations, and the parties are discussing how to document Messrs. Greenfield and Hamburg's obligation to maintain confidentiality.

Six days after the Bank's counsel advised this Court of the tentative settlement, yet another action – the ninth action - was filed against Bank of America, *Martinez v. Bank of America, N.A.* Ironically, the trust at issue in *Martinez* is yet again a Missouri trust, governed by Missouri law.

The Complaint in *Martinez* has not yet been served.

### B. The Martinez Complaint is Vague and Conclusory.

The *Martinez* Complaint is without a doubt a word processed version of the 30 complaints Bank of America has had to address before. It includes the same advertisement of several years ago quoted in prior cases against Bank of America, some of the same definitions

and defined terms (e.g, "Acquired Bank"), the same bald state law causes of action and the same

odd, non-sensical requests for injunctive relief (e.g., "entry of judgment compelling the Bank to

fully insulate its fiduciary operations from all of its other business activities").[4]  But the

similarities end there.  Nowhere in the *Martinez* Complaint does it say what the Bank did wrong.

It has no facts about the *Martinez* trust, not one, except that Mr. Martinez resides in Oklahoma.

It includes rambling recitation of information that has no bearing on the claims.  For example,

the Complaint quotes from an advertisement quoted in prior complaints, but it does not even

allege that Mr. Martinez read the ad or relied upon it.  It does reference Bank acquisitions, but

nowhere does the Complaint allege that the trust at issue had any other trustee than Bank of

America, N.A.  It does allege that the Bank has call centers, but nowhere does it allege that the

trust at issue was placed in a call center, and even if it was, how this was improper or caused

harm to the trust at issue or any other trust.

    While the Complaint does allege that the Bank "used fiduciary assets," it does not say

how it used those assets, to do what, when or where.[5]  And while the Complaint alleges that the

Bank charged excessive fees (¶¶13, 34) pursuant to a "wholesale business policy" (¶34), it never

identifies what the policy was or for what service the fees were charged – such as checking

accounts, mortgage loans, brokerage or some other service.  The Complaint simply states that the

fees were for "additional management, investment advisory and/or other fees, charges and

---

4    The Bank has faced more than 30 complaints with these same threads.  *See Siepel*, 239
     F.R.D. at 571 (denying further amendment due to Plaintiffs' "shilly-shally[ing]" with
     amendments).

5    Paragraphs 17 and 18 of the Complaint are representative examples of the vagueness of
     the Complaint.  There Mr. Martinez alleges that the Bank engaged in wrongful conduct
     and used accounts as "cookie jars," (the same language used in prior complaints) but he
     never goes on to explain how or what the Bank actually did.  In Paragraphs 29 and 30, the
     *Martinez* Complaint complains about call centers providing diminished service.  The
     purported common class questions in *Martinez* are non-sensical and add no clarity.
     Complaint ¶31.  And finally, the causes of action are as bare bones as a pleading can be.
     Count I has two paragraphs, and Count III has three.  Defendant Bank of America
     Corporation is not even referenced in the causes of action.

benefits." Complaint ¶35. The Complaint is replete with circular legal conclusions and nothing more.

## III. ARGUMENT

### A. *The Request to Consolidate is Moot.*

Even before serving the Complaint, Plaintiff Martinez moved to consolidate this action with *Luleff*. Plaintiff Martinez's argument that the cases are both at the infancy stage ignores the fact that *Luleff* has been tentatively resolved. The cases are decidedly not at the same stage, and consolidation should be denied for this reason alone. *Dilettoso v. Potter*, 243 Fed. Appx. 269, 273 (9th Cir. 2007) (district court did not abuse discretion in denying consolidation where cases were at different stages); *Schact v. Javits*, 53 F.R.D. 321, 325 (S.D. N.Y. 1971) (". . . proper judicial administration does not recommend consolidation where two actions are at such widely separate stages of preparation"); *Lyons v. Andersen*, 123 F.Supp.2d 485, 488 (N.D. Ia. 2000 (refusing to consolidate cases at different stages of development).

Further, because *Luleff* is near resolution, there is no case to be consolidated and no efficiencies to be attained. Accordingly, Plaintiff Martinez's request should be denied as moot. *See Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052 (S.D. Cal. 2007) (motion to consolidate denied as moot where motion to dismiss granted).

### B. *The Issue of Consolidation is Not Ripe.*

If Plaintiff Martinez does serve the Complaint, the Bank Defendants will move to dismiss on many grounds. These threshold issues should be addressed first. For example, this Court does not have subject matter jurisdiction over this matter. Given that Plaintiff never identifies what fees the Bank charged for what purportedly improper services, there is not $5 million at issue in the *Martinez* action. *DiTolla v. Doral Dental IPA of New York, LLC.*, 469 F.3d 271, 275 (2nd Cir. 2006) (the burden is on plaintiff, as the party seeking to invoke federal jurisdiction, to establish that CAFA's jurisdictional requirement as to amount in controversy is met). As the

Bank Defendants will press in the motion to dismiss, this Court does not have subject matter jurisdiction to hear this matter under the Class Action Fairness Act.

In addition, this Court has no connection to the *Martinez* case. Mr. Martinez resides in Oklahoma. The trust at issue is a Missouri trust, governed by Missouri law. The Bank employees who administered the trust are located in Dallas and Missouri. This action should be dismissed based upon *forum non conveniens*.

Further, as summarized above, the *Martinez* Complaint, which does not plead a single fact about the trust at issue, does not contain details of the purported "wrongful" conduct except that it was wrongful and constituted a breach of fiduciary duty, which is replete with circular legal conclusions, does not meet the pleading standard set forth in *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007). Mere labels and conclusions, which is all Martinez offers here, is not sufficient. *In re Musicland Holding Corp.*, No. 07 Civ. 8423, 2008 U.S. Dist. Lexis 40865, at *25-26 (S.D. N.Y. May 22, 2008). This third and important threshold issue should be resolved before consolidation is addressed.

Finally, if Messrs. Greenfield and Hamburg prompted the filing of the *Martinez* Complaint as they did in *Luleff*, and if Mr. Greenfield indeed represents Plaintiff Martinez, then whether based upon forum shopping or principles of privity and *res judicata* the *Martinez* action should be dismissed following the decisions in *Siepel* and *Kutten II*. Indeed, under Rule 41(d), the Bank Defendants may be entitled to a stay and payment of prior fees if Mr. Greenfield represented Mr. Martinez and prompted the filing of this ninth lawsuit against the Bank. *See Siepel*, 239 F.R.D. at 571-72.

### C. *Consolidation will not Promote Convenience or Efficiency.*

Plaintiff Martinez's bald claim that the cases will involve the same discovery and evidence has no basis in fact. To analyze the claims for just these two trusts, the Court and/or

jury will be required to review and consider numerous unique, differentiating, individual issues, including:

* **The language of each trust instrument in question and the alleged specific wrongful conduct with respect to that trust** to determine whether there is any basis for the individual breach of fiduciary claims.

* **The individual services.** As to *Martinez*, the alleged specific, individual conduct will need to be analyzed giving rise to the purported service issues and alleged breaches of fiduciary duty, given that each of these trusts had a different trust officer in a different state working with each individual trust and the beneficiaries in question. As the trust files for each individual trust demonstrate, each trust relationship involves an extensive amount of paperwork reflecting individualized verbal and written communications, such as letters, phone calls, and meetings, individualized notices pertinent to the issues for the trust, not to mention the specific account statements.

* **The individual investments.** As to *Luleff*, what investments were made in the affiliated funds, when and at what cost. Further, Ms. Luleff approved *every* investment the Bank made starting in 2001. As the opinion in *Hughes v. LaSalle Bank, N.A.*, 419 F.Supp.2d 605 (S.D.N.Y. 2006), clearly demonstrates, the defenses of consent, ratification and statute of limitations are highly individualized.

* **The applicable state law with respect to the various claims.** *See Hughes v. LaSalle Bank, N.A.*, 419 F.Supp.2d 605 (S.D. N.Y. 2006) (where the court undertook extensive analysis to evaluate what state law applied on what issues with respect to just three plaintiffs).

* **The individual damages issues.** Certainly, each trust faced different purported breaches causing various forms of alleged harm, giving rise to complex individual damages issues. *Luleff* claims harm as a result of the mutual fund investments. *Martinez* appears to claim harm as a result of some unspecified service issue.

* **The individual defenses.** Further, as the *Hughes* decision confirms, the defenses to these claims present individualized issues. For example, the *Martinez* claim is barred by Missouri's one-year statute of limitations. This likely explains why not a single fact or detail is pled in the Complaint.

* **The individual witnesses.** The trusts in both cases have different trust officers, portfolio managers and other support personnel. Martinez's

testimony as to Bank service has no relevance to how Luleff's trust assets
were invested, how they performed and what fees the Luleff trust was
charged. There will be *no* overlap in witnesses.

Indeed, the Bank made these very same arguments in the cases pending in Missouri and

before the Multidistrict Litigation Panel which denied the motions to consolidate. *Siepel*, 239

F.R.D. at 564.

With different trust instruments, different trust officers in different locations, different

communications, investments, services and so on, there is *no* overlapping discovery or evidence

between *Luleff* and *Martinez*. Because of these individualized issues, there is no compelling

reason to support consolidation. *See In re Consolidated Parlodel Litigation*, 182 F.R.D. 441,

445 (D. N.J. 1998) (denying consolidation because the "intricacy of issues specific to each

Plaintiff overshadow the common questions."); *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459

(E.D. Mich. 1985) (denying consolidation of three cases where individual issues affect

defendants' liability to each plaintiff and unique details need to be presented to the jury);

*Enterprise Bank v. Saettele*, 21 F.3d 233, 236 (8th Cir. 1994) (contracts and plaintiffs at issue

were unrelated making it an abuse of discretion to combine the cases).

Plaintiff has the burden here to support consolidation. *See In re Repetitive Stress Injury

Litigation*, 11 F.3d 368, 373 (2d Cir. 1993) (finding consolidation to be abuse of discretion

where allegations in complaint were insufficient). *Martinez*'s bald and conclusory statements

about the claims and purported efficiencies do not meet that burden.

## III.    CONCLUSION

Because the request to consolidate is moot and is not ripe and because Plaintiff Martinez

has not offered any basis for this Court to conclude that any efficiencies can be achieved with

consolidation, Plaintiff Martinez's motion to consolidate should be denied.

REED SMITH LLP


By: Andrew B. Messite
Andrew B. Messite (ABM-3748)
599 Lexington Avenue, 29th Floor
New York, NY 10022
Telephone: 212.521.5400
Facsimile: 212.521.5450

and

Gregory B. Jordan
Mary J. Hackett
Sharon L. Rusnak
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: 412.288.3131

Attorneys for Defendants
Bank of America, N.A. and
Bank of America Corporation

June 30, 2008



**H**Kutten v. Bank of America, N.A.
C.A.8 (Mo.),2008.
Only the Westlaw citation is currently available.
United States Court of Appeals,Eighth Circuit.
Ellen Jane KUTTEN, individually and on behalf of
her daughters, Plaintiff,
Mary Ann Arnold; Elise Mahler Scharff, on behalf of
themselves and all others similarly situated,
Plaintiffs-Appellants,
v.
BANK OF AMERICA, N.A.; Bank of America
Corporation, Defendants-Appellees.
No. 07-3565.

Submitted: June 11, 2008.
Filed: June 16, 2008.

Appeal from the United States District Court for the
Eastern District of Missouri.

Before MURPHY, BYE, and SHEPHERD, Circuit
Judges.

SHEPHERD, Circuit Judge.
*1 This case is one of the "at least five class actions
in various jurisdictions seeking redress for the same
alleged injuries" as claimed by the plaintiffs in *Siepel
v. Bank of America, N.A.*, Nos. 07-1899/07-1906,
2008 U.S.App. LEXIS 10667, at *6 (8th Cir. May 19,
2008). Finding the case "nearly identical" to *Siepel*,
which it had earlier dismissed, the district court [FN1]
dismissed all of the Appellants' class action claims as
preempted by the Securities Litigation Uniform
Standards Act of 1998 (SLUSA), 15 U.S.C. §§
77p(b), 78bb(f)(1). We affirmed the district court in
*Siepel*, and do so again in this case.

> FN1. The Honorable Paul A. Magnuson,
> United States District Judge for the District
> of Minnesota, sitting by designation in the
> Eastern District of Missouri.

Just as in *Siepel*, the Appellants' class action claims
center on Bank of America's alleged plan to funnel
trust assets into a mutual fund substantially owned by
the Bank. *See id.* at *4-*5.In their Amended
Complaint, the Appellants asserted twelve class

action claims, including breach of fiduciary duty,
aiding and abetting a breach of fiduciary duty, unjust
enrichment, breach of contract, violation of the
California Probate Code, violation of the California
Business and Professions Code, and violation of the
California and Missouri Prudent Investor Acts. Each
of the substantive claims "repeat[ed] and realleg[d]"
the allegations made in the previous pages of the
complaint.

The *Siepel* plaintiffs conceded that their complaint
contained allegations that the Bank misrepresented
and omitted material facts. *Id.* at *11.Although their
complaint also rests on the same alleged plan by the
Bank, the Appellants attempt to distinguish their
complaint from the one in *Siepel*.In filings with this
court, they assert that their complaint "does not
contain any allegations that facts were concealed.
Nor does the Complaint in this action allege there
were any omissions of facts or misrepresentations
made to Plaintiffs.""[D]ifferent results can be
reached based upon changes in the language used in
the complaint," they urge.

We review a district court's dismissal based on
SLUSA preemption *de novo*, as a dismissal for
failure to state a claim. *Siepel*, 2008 U.S.App. LEXIS
10667 at *4. SLUSA preempts state-law class actions
that allege an untrue statement or omission of a
material fact, or the use of a manipulative or
deceptive device or contrivance "in connection with
the purchase or sale of a covered security."15 U.S.C.
§§ 77p(b), 78bb(f)(1); *Siepel*, 2008 U.S.App. LEXIS
10667, at *10. In determining whether SLUSA
applies, we do not rely on the names of the causes of
action that the plaintiff alleges. Instead we look at the
substance of the allegations, based on a fair reading.
*See Sofonia v. Principal Life Ins. Co.*, 465 F.3d 873,
879-80 (8th Cir.2006); *Dudek v. Prudential Sec., Inc.*,
295 F.3d 875, 879-80 (8th Cir.2002). SLUSA
preemption is based on the conduct alleged, not the
words used to describe the conduct.

In the hearing on the Bank's motion to dismiss, Judge
Magnuson attempted to purge the allegations of
fraudulent conduct from the Appellants' Amended
Complaint, and decide whether their complaint was
different from that in *Siepel*.The Appellants' counsel

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 2406232 (C.A.8 (Mo.))
(Cite as: --- F.3d ----, 2008 WL 2406232 (C.A.8 (Mo.)))

explained:

> *2 [The Bank's transfers of fiduciary account assets to Nations Funds] in fact were a cloak for self-dealing and engaging in conflict of interest transactions.... It's a breach of fiduciary duty case, and that duty includes disclosing to beneficiaries certain information.

After further argument, Judge Magnuson asked if the complaint was "no more than a regurgitation of the words of the misrepresentation ."Counsel replied:

> [C]ertainly one of the components [of a fiduciary duty] is ... a duty to disclose, a duty to be candid, a duty to be honest with your beneficiaries, to let your beneficiaries have the straight scoop with respect to the handling of their assets.... That is not the same thing as saying we were misrepresented to and this is what you lied about.... That's the failing to disclose. That's the failing to be candid. That's the failing to be honest. That's what we allege the bank failed to do repeatedly in the context of its wholesale conversion of common trust funds into their own mutual funds....

We agree with the district court that the Appellants failed to distinguish their case from *Siepel.* Whatever the distinction between "deceiving" and "failing to be honest," or between "omitting a material fact" and "failing to disclose," it does not bear on whether SLUSA preempts the claim containing those allegations. In this case, the district court correctly found that without allegations of deceptive and misleading conduct, the Appellants' complaint was empty of any non-preempted class action claims.

In all other respects, the Appellants' argument is the same as was asserted by the plaintiffs in *Siepel.* We therefore reach the same result, and affirm the judgment of the district court.

C.A.8 (Mo.),2008.
Kutten v. Bank of America, N.A.
--- F.3d ----, 2008 WL 2406232 (C.A.8 (Mo.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.