UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWNE LULEFF, On Behalf of herself and all others similarly situated<br><br>                Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A. and<br>BANK OF AMERICA CORPORATION<br><br>                Defendants. | Civil Action No. 06-cv-01435-JGK |
| DOUGLAS WAYNE MARTINEZ,<br><br>              Plaintiff,<br>vs.<br><br>BANK OF AMERICA, N.A. and<br>BANK OF AMERICA CORPORATION<br><br>                Defendants. | Civil Action No. 08-cv-04964-JGK |

**PLAINTIFF MARTINEZ'S REPLY MEMORANDUM IN RESPONSE TO DEFENDANTS' OPPOSITION TO HIS MOTION FOR CONSOLIDATION**

**BROWER PIVEN**
A Professional Corporation
David A.P. Brower
488 Madison Avenue
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Counsel for Plaintiff Martinez*

## TABLE OF CONTENTS

I.  INTRODUCTION..................................................................................................1

II. ARGUMENT........................................................................................................2

    A.    The Two Actions Before This Court Are Not At Different Stages, But Even if They Were, Consolidation is Still Appropriate............2

    B.    Defendants Have Agreed to Waive Service and Have Sixty Days of Receipt of the Waiver Papers to Respond to the Complaint........................5

    C.    Consolidation Will Promote Convenience and Efficiency..........................9

III. CONCLUSION...................................................................................................10

**PLAINTIFF MARTINEZ'S REPLY MEMORANDUM IN RESPONSE TO DEFENDANTS' OPPOSITION TO HIS MOTION FOR CONSOLIDATION**

Plaintiff Douglas Wayne Martinez respectfully submits this reply memorandum to the opposition of defendants Bank of America, N.A. and Bank of America Corporation (collectively "Defendants") to plaintiff Martinez's motion to consolidate *Martinez v. Bank of America, N.A., et al.*, 1:08-cv-04964-JGK (S.D.N.Y.) ("*Martinez* Action") with *Luleff v. Bank of America, N.A., et al.*, 1:06-cv-01435-JGK (S.D.N.Y) (the "*Luleff* Action") (collectively, the "Actions").

## I.   INTRODUCTION

Defendants make numerous arguments in opposition to consolidation of the Actions. However, under the facts here, none of those arguments provide a cognizable basis to deny consolidation, and most of them have nothing to do with the issue of consolidation at all.

For instance, Defendants devote much of their opposition to arguing about the success or failure of other plaintiffs in other actions in other districts asserting claims against them similar to those alleged here by both plaintiffs Martinez and Luleff. Those arguments, of course, have nothing to do with the merits of a consolidation motion. Defendants also make numerous diffuse, broad-brush attacks on the merits of plaintiff Martinez's claims, and speculate about various potential individual issues that may exist. Defendants' desire to preview their arguments to future motions under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 23 notwithstanding, those arguments have nothing to do with whether the Actions should be consolidated under Fed. R. Civ. P. 42. Indeed, with respect to the instant motion, since the *Martinez* Action alleges the same causes of action against the same defendants based on the same conduct for the same class as the *Luleff* Action, whatever Defendants' arguments about the merits of the *Martinez* Action and its suitability for class treatment may be, those arguments, logically, would apply equally to the *Luleff* Action – making consolidation not only appropriate, but imperative.

In addition, Defendants remaining arguments are factually unsupported. Defendants' contend – without explanation -- that the failure to serve them with the *Martinez* complaint before moving for consolidation somehow impacts the resolution of this motion. Defendnats cite no legal authority for this novel theory, and, as a matter of fact, Defendants (through their counsel in the *Luleff* Action) received a copy of the *Martinez* complaint the day after it was filed and that counsel (who are now also their counsel in the *Martinez* Action), had already agreed to waive service before filing their opposition to consolidation. Defendants' attempt to elevate form over substance is simply no substitute for a legitimate basis to oppose consolidation. Likewise, Defendants' arguments that the Actions are at different stages and that consolidation is somehow moot are plainly incorrect. First, as discussed in Plaintiff Martinez's moving papers, for all purposes that matter to the question of consolidation, the Actions are at virtually the same stage. Second, unless the parties to the *Luleff* Action actually consummate their putative settlement of plaintiff Luleff's individual claims, consolidation is not, as a matter of law, moot, because the *Luleff* Action is currently pending. Third, even if plaintiff Luleff dismisses her individual claims, the class claims in the *Luleff* Action cannot be so easily dismissed.

Thus, stripped of its speculation; incorrect and generally irrelevant facts; and inapplicable legal citations, it is clear that, notwithstanding Defendants best effort's at misdirection, there is no factual or legal basis to deny consolidation of the Action under Fed. R. Civ. P. 42.

## II.   ARGUMENT

### A. The Two Actions Before This Court Are Not At Different Stages, But Even if They Were, Consolidation is Still Appropriate

Defendants attempt to argue that consolidation is not appropriate here because the *Luleff* Action has been "***tentatively*** resolved" (emphasis added). As far as plaintiff Martinez is aware,

2

however, the *Luleff* Action has not been dismissed.[1] Therefore, Defendants' assertion that, because of the "tentative resolution" of the *Luleff* Action, there is no case to consolidate the *Martinez* Action with is factually and legally incorrect.[2]

Nor are the Actions at different stages. Instead, as Plaintiff Martinez explained in his moving papers here, both Actions are at the initial pleading stage. Although the *Luleff* Action was filed several years before the *Martinez* Action, the proceedings there have, for whatever reasons, not much progressed. Currently, the *Luleff* Action is the subject of an undecided motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), and no discovery has yet occurred. Given that the *Martinez* Action alleges the same claims as the *Luleff* Action on behalf of the same class members with respect to the same alleged wrongful conduct by Defendants, little, if any, delay can result from consolidation. Indeed, plaintiff Martinez is confident that, given Defendants extensive (albeit incorrect) recitation of the legal defects in the *Martinez* complaint in their opposition here, Defendants will promptly file a motion to dismiss the *Martinez* complaint that will be startlingly similar to their motion pending against the *Luleff* complaint, placing both Actions in identical procedural postures.

In any event, even if Defendants were correct that the Actions are at different stages (which they are not), such difference would still present no obstacle to consolidation. *See, e.g.*,

---

[1] By Order dated July 2, 2008, this Court directed the parties to the *Luleff* Action to advise the Court of its status by July 3, 2008. Plaintiff Martinez (who is not a party to the *Luleff* Action), did not receive a copy of any report the parties may have provided to the Court, and. therefore, does not know the current status, except that the Court's ECF docket for the *Luleff* Action indicates that the action is still pending.

[2] The only case that Defendants cite for their argument is *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052 (S.D. Cal. 2007), where consolidation was denied because the court granted a motion to dismiss the earlier filed action before consolidation. This is not the current situation before this Court. The *Luleff* Action has not been dismissed – either by the plaintiff or the Court and, even Defendants admit that there are issues holding up the completion of the putative settlement of the *Luleff* Action.

3

*Davis v. Buffalo Psychiatric Ctr.*, No. CIV-81-458E, 1988 U.S. Dist. LEXIS 9289, at *5 (W.D.N.Y. May 10, 1988) (finding consolidation appropriate although the cases were at different stages: "[w]hen consolidation will save appreciable time and expense without any apparent prejudicial impact, then it is appropriate."); *Ocean Ships, Inc. v. Stiles*, No. 00 CIV. 5469 (RCC), 2003 U.S. Dist. LEXIS 20876, at *5-6 (S.D.N.Y. Nov. 18, 2003) (consolidating two cases at different stages; "the Court finds that consolidation of the two cases will produce gains in efficiency that will outweigh any potential prejudice."); *Liegey v. Ellen Figg, Inc.*, No. 02 Civ. 1492 (DC), 2003 U.S. Dist. LEXIS 12356, at *3-4 (S.D.N.Y. July 15, 2003) (consolidating cases at different stages).

Furthermore, as previously discussed in plaintiff Martinez's moving papers, if the *Luleff* Action is not resolved on behalf of all the members of the class alleged in the *Luleff* Action (and is approved by the Court pursuant to Fed. R. Civ. P. 23(e)) then consolidation is even more critical. The named plaintiff and counsel in the *Luleff* Action brought that action as a class action and fiduciary obligations to the entire asserted class immediately adhered. *See, e.g., McDowall v. Cogan*, 216 F.R.D. 46, 49 n. 3 (E.D.N.Y. 2003) ("The general rule is that the named plaintiff and counsel bringing the action stand as fiduciaries for the entire class, commencing with the filing of a class complaint.") (citing *Martens v. Thomann*, 273 F.3d 159, 173 n. 10 (2d Cir. 2001)).[3] The law assumes that the members of the class in the *Luleff* Action are relying on

---

[3] Courts in this District have criticized offers by defendants to settle cases by paying off the named plaintiff in a putative class action, as the Defendants are attempting to do in the *Luleff* Action, because it allows "defendants . . . [to] avoid liability for class wide relief." *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001). Thus, "[a] defendant who wishes to conclude a putative class action expeditiously may make a settlement offer to the entire putative class. If he does so, the named plaintiff will not find his fiduciary obligations to the putative class members pitted against his own self-interest." *McDowall*, 216 F.R.D. at 51. *See also Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) (recognizing named plaintiff's fiduciary duties to the class: "[Named plaintiff] properly rejected [] offer of payment

plaintiff Luleff to adjudicate their claims. As the Supreme Court stated, "*Rule 23* both permits and encourages class members to rely on the named plaintiffs to press their claims." *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 352-53 (1983) (emphasis in original). *See also American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974). The class members in the *Luleff* Action, who are similar (if not identical) to the class members in the *Martinez* Action, have the right to have their claims heard and their interests protected. Since the class claims in the *Luleff* Action cannot be dismissed without consideration and will, if plaintiff Luleff settles individually, be pursued through the *Martinez* Action, based on the Court's prior experience with, and knowledge of the claims in the *Luleff* Action, consolidation will result in substantial savings of time and effort.

### B. Defendants Have Agreed to Waive Service and Have Sixty Days of Receipt of the Waiver Papers to Respond to the Complaint

Defendants argue that consolidation is not ripe because, when this motion was filed, they had not yet been served with the *Martinez* complaint and that once they are served, they will move to dismiss. First, whether consolidation should be granted is a procedural step that generally precedes a motion to dismiss – not *vice versa*. Further, Defendants' argument proves plaintiff Martinez's point here since Defendants have made it clear in their opposition that they will act immediately to place the *Martinez* Action in precisely the same procedural posture as the *Luleff* Action (*i.e.*, subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)). Thus, Defendants have essentially argued away their opposition to consolidation.

Second, as to the service issue itself, it is now moot and was always, at best, without merit. Since filing their opposition to consolidation, Defendants have waived service pursuant to

---

because it only covered his individual claim and did not provide any requested relief for the class.") (citation omitted).

Fed. R. Civ. P. 4. *See* Declaration of David A.P. Brower In Support of Plaintiff Martinez's Motion For Consolidation, dated July 9, 2008, submitted herewith, Ex. A. Furthermore, Defendants repeated comment that the *Martinez* complaint had not been served upon them, while true, is, in the context of opposing consolidation, at best, disingenuous. The *Martinez* complaint was filed on May 29, 2008. On May 30, 2008, a courtesy copy of the Martinez complaint with a cover letter was delivered by hand to Your Honor, *see id.*, Ex. B, and copied, with the enclosures, to all counsel of record in the *Luleff* Action by email and U.S. mail. *See id.*, Ex. C. After receiving the *Martinez* complaint, Defendants' counsel in the *Luleff* Action, both by telephone and email, informed counsel for plaintiff Martinez that they would accept service for Defendants and agreed to waive service pursuant to Fed. R. Civ. P. 4. *See id.,* Ex. D. On July 1, 2008, the *Martinez* complaint was sent, again, by U.S. mail and email, to Defendants' counsel with a letter and a Waiver of Service of Summons. *See id.,* Ex. E. On July 11, 2008, plaintiff Martinez's counsel received the Fed. R. Civ. P. 4 Waiver of Service, dated July 9, 2008. *See id.*, Ex. A.

Therefore, service has been affected within the time allowed under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m) (providing for 120 days to affect service). Moreover, as the foregoing demonstrates, Defendants (through their same counsel in both Actions) had received the *Luleff* complaint by May 30, 2008, which, as of today, is still less than the sixty days they would have had from receipt of the Waiver of Service to respond to that complaint if the *Martinez* complaint was served, pursuant to Fed. R. Civ. P. 4, on May 30, 2008 (*i.e.,* the day after it was filed). Thus, whether the *Martinez* complaint was technically served before this motion was filed or not, Defendants ability to promptly move against it was unaffected. The foregoing, however, is irrelevant to the timeliness of this motion to consolidate as Fed. R. Civ. P.

6

42 has no provision delaying consolidation of cases otherwise appropriate for consolidation based on when a complaint is served, or whether or not the Court has first decided a motion to dismiss. Simply, service of a complaint and consolidation are not related.[4]

The other arguments Defendants make regarding this Court's jurisdiction to hear the *Martinez* Action have already been addressed in plaintiff Martinez's moving papers. To summarize, the Court has both subject matter and personal jurisdiction over plaintiff Martinez and Defendants. Defendants do not contend otherwise. Moreover, where jurisdiction exists, the place of residency of the named plaintiff is not relevant because the *Martinez* Action is brought on behalf of a nationwide class, and plaintiff Martinez is a member of the class asserted in the *Luleff* Actions. Therefore, whether by filing a new complaint or by intervention, plaintiff Martinez has the right to protect his interest in the claims asserted in the *Luleff* Action.

In the guise of arguing that there are insufficient common questions of law and fact between plaintiffs Martinez and Luleff, Defendants have previewed some of their likely arguments in opposition to class certification. Plaintiff Martinez will demonstrate, at the proper time, that certification of the class asserted in the *Martinez* and *Luleff* Actions is appropriate. At this time, however, all that matters is that "[o]nly one common issue of fact or law is required for consolidation," *Ocean Ships*, 2003 U.S. Dist. LEXIS 20876, at *6 (citing *BD v. DeBuono*, 193 F.R.D. 117, 141 (S.D.N.Y. 2000)), and this requirement is undisputedly met here. Courts do not deny consolidation when cases have their own sets of individualized facts. Thus, even where there are individual or unique issues, consolidation is still appropriate. *See, e.g., Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 Civ. 0607 (PKL), 2000 U.S. Dist. LEXIS 4982, at

---

[4] Indeed, pretrial orders in complex litigation, particularly class action litigation, often provide for automatic consolidation of subsequently filed related actions. *See* Brower Declaration, Ex. F (*Paul Bellikoff v. Eaton Vance Corp., et al*, No. 1:04-cv-1144 (JGK), Revised Stipulation and pretrial Order No. 1 Consolidating Actions, Section I (S.D.N.Y Apr. 27, 2004).

\*\*10 (S.D.N.Y. Apr. 19, 2000) ("Nearly every trial . . . will involve some separate issues of fact that call for testimony from different witnesses on entirely unrelated matters. The more appropriate question . . . is whether separate trials will require substantial overlap of witnesses or documentary proof.") (citations omitted).

Defendants' state law choice of law arguments regarding Mr. Martinez are similarly irrelevant, because the same choice of law issues face plaintiff Luleff, and, therefore, they militate in favor of consolidation. To the extent Defendants wish to argue about choice of law issues relating to absent class members, those arguments must await class certification proceedings. The only issue now before the Court is whether the Court has jurisdiction to hear plaintiff Martinez's individual claims, irrespective of the outcome of any choice of law analysis that the Court may need to perform. Even Defendants do not argue that the Court lacks such jurisdiction.[5] Indeed, because the factual and legal allegations in the Actions are so similar, all of Defendants' arguments about potential minor individual differences between plaintiff Martinez, plaintiff Luleff, and other members of the proposed class, will only be relevant, if at all, to a later motion to certify a class in the Actions – not to consolidation.

Likewise, Defendants' arguments that the *Martinez* Complaint does not meet what they view as the pleading standards under the Federal Rules of Civil Procedure is another wrong place, wrong time argument. The test for the sufficiency of a complaint has nothing at all to do with the test for consolidation, and Defendants will be in no different position regarding their arguments in a motion to dismiss the *Martinez* complaint whether or not the *Martinez* and *Luleff* Actions are consolidated.

---

[5] In fact, Defendants' claim that they will seek to dismiss the *Martinez* Action on *forum non convenes* grounds is an admission that the Court possesses the power to adjudicate plaintiff Martinez's claims.

8

Finally, Defendants' lengthy -- and completely irrelevant -- discourse on the history of other litigations alleging similar claims as those asserted in both the *Luleff* and *Martinez* complaints against Defendants in other districts has nothing to do with either the *Luleff* or *Martinez* Actions pending in this Court or the issue of consolidation. Plaintiff Martinez was not a party-plaintiff to any of the cases. Moreover, plaintiff Martinez's counsel of record here was not counsel in any of those cases.[6] None of those cases ever reached the class certification stage and, therefore, the results in those cases are only relevant to the named plaintiffs in those cases and not to plaintiffs Martinez or Luleff, or any other former proposed class member in those cases. While Defendants devote much space to discussing those cases, Defendants fail to note that the holdings in those cases have not been affirmed or adopted by either the United States Court of Appeals for the Second Circuit or the United States Supreme Court; therefore, none of them are controlling here. Instead, Defendants' argument is that they have succeeded in defeating similar claims at the pleading stage in the past, and that the Court should assume they will succeed here as well. That argument, its presumptuousness aside, has nothing to do with the propriety of consolidation and, therefore, should simply be ignored.

C. **Consolidation Will Promote Convenience and Efficiency**

As set forth in more detail in plaintiff Martinez's moving papers, the *Luleff* and *Martinez* Actions allege identical causes of action against the same Defendants for breaches of fiduciary duties and unjust enrichment. The only difference is that the *Martinez* Action alleges one less

---

[6] Defendants fail to explain or cite authority for their proposition that an attorney's representation of different clients in different cases against the same defendants based on the same or similar legal theories– whether the cases are successful or not – forms the basis of a defense to the claim of a different client in a different case represented by that same counsel. Indeed, the general rule is that an attorney is permitted (indeed, required by the ethical obligation to represent his client zealously) to pursue any non-frivolous claim even if that claim is not novel or has not met with prior success in other jurisdictions.

9

cause of action. The causes of action in both Actions are based on similar conduct by Defendants and will require similar (if not identical) discovery. The Actions seek the same relief for the same class members. Therefore, consolidation is appropriate here to prevent unnecessary and costly duplication of time, effort and expense, avoid forcing parties to appear for multiple depositions and other proceedings, and eliminate the possibility of an inconsistent result. *See Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995); *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 533 (S.D.N.Y. 1987).

### III.   CONCLUSION

For the reasons stated herein, as well as in plaintiff Martinez's moving papers, the *Luleff* and *Martinez* Actions should be consolidated.

Dated: July 11, 2008

Respectfully submitted,

**BROWER PIVEN**
A Professional Corporation

/s/ David A.P. Brower
David A.P. Brower
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*Counsel for Plaintiff Martinez*