UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAWNE LULEFF, On Behalf of herself and all others similarly situated <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION <br><br> Defendants. | Civil Action No. 06-cv-01435-JGK |
| DOUGLAS WAYNE MARTINEZ, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A. and BANK OF AMERICA CORPORATION <br><br> Defendants. | Civil Action No. 08-cv-04964-JGK |

## DECLARATION OF DAVID A.P. BROWER IN SUPPORT OF PLAINTIFF MARTINEZ'S MOTION FOR CONSOLIDATION

1.      I am over 18 years of age and am competent to testify to the matters and facts hereinafter set forth.   I am a principal of the law firm of Brower Piven, A Professional Corporation ("Brower Piven").

2.      Attached hereto as Exhibit A is a true and correct copy of the Waiver of Service of Summons in *Martinez v. Bank of America, N.A. et al.*, 08-cv-4964, signed by Sharon L. Rusnak, as Counsel for Defendants, on July 9, 2008, and received by U.S. Mail at Brower Piven on July 11, 2008.

3.      Attached hereto as Exhibit B is a true and correct copy of a letter sent by hand to the Honorable John G. Koeltl from David A.P. Brower, dated May 30, 2008.

4.      Attached hereto as Exhibit C is a true and correct copy of an email sent by Eric C. Love on May 30, 2008 to all Counsel of Record in *Luleff v. Bank of America, N.A. et al.,* 06-cv-1435.

5.      Attached hereto as Exhibit D is a true and correct copy of an email sent by Sharon L. Rusnak to David A.P. Brower, *et al.*, on June 11, 2008.

6.      Attached hereto as Exhibit E are true and correct copies of a letter and an email from Eric C. Love to Sharon L. Rusnak, dated July 1, 2008, and the Waiver of Service of Summons enclosed in both.

7.      Attached hereto as Exhibit F is a true and correct copy of Revised Stipulation and pretrial Order No. 1 Consolidating Actions in *Paul Bellikoff v. Eaton Vance Corp., et al*, No. 1:04-cv-1144 (JGK) (S.D.N.Y Apr. 27, 2004).


I declare, upon penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.


DATED: July 11, 2008

                                        /s/ *David A.P. Brower*
                                        DAVID A.P. BROWER

# EXHIBIT A

# Waiver of Service of Summons

David A.P. Brower, Brower Piven, A Professional Corporation, counsel for Plaintiff DOUGLAS WAYNE MARTINEZ

I, Sharon L. Rusnak, acknowledge receipt of your request that I, as counsel for defendants BANK OF AMERICA, N.A and BANK OF AMERICA CORPORATION, waive service of a summons in the action of *Martinez v. Bank of America, N.A. et al.,* which is case number 08-cv-4964 in the United States District Court for the Southern District of New York.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against my clients, BANK OF AMERICA, N.A and BANK OF AMERICA CORPORATION, if an answer or motion under Rule 12 is not served upon you within 60 days after July 1, 2008.

July 9, 2008
_____
Date

_____
Signature

Sharon L. Rusnak
As Counsel for Defendants

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

# EXHIBIT B

# BROWER PIVEN

DAVID A.P. BROWER
Brower@BrowerPiven.com

A PROFESSIONAL CORPORATION
488 MADISON AVENUE
EIGHTH FLOOR
NEW YORK, NEW YORK 10022
BrowerPiven.com

Telephone (212) 501-9000
Facsimile  (212) 501-0300

May 30, 2008

**BY HAND**

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1030
New York, New York 10007

Re:   *Luleff v. Bank of America, N.A. et al.*, 06-cv-01435 (JGK)
       *Martinez v. Bank of America, N.A. et al.*, 08-cv-4964

Dear Judge Koeltl:

Enclosed please find a courtesy copy of the complaint in the action, *Martinez v. Bank of America, N.A. et al.*, 08-cv-4964, filed yesterday, May 29, 2008, in this Court. Plaintiff Martinez designated this action as related to *Luleff v. Bank of America, N.A. et al.*, 06-cv-01435 (JGK), which is pending before Your Honor. Plaintiff Martinez will also shortly file a motion seeking consolidation of the two above-referenced actions as they allege substantially identical claims against the same defendants on behalf of a virtually identical plaintiff class.

Should the Court have any questions, we stand ready to respond.

Respectfully,

David A.P. Brower

cc: All Counsel of Record in
*Luleff v. Bank of America, N.A. et al.*,
06-cv-01435 (JGK( (w/encl.)
(Via U.S. Mail and email)

# EXHIBIT C

**From:** Eric Love
**Sent:** Friday, May 30, 2008 2:25 PM
**To:** 'cobrinik@juno.com'; 'amessite@reedsmith.com'; 'srusnak@reedsmith.com'; 'mswinograd@wlrk.com'
**Subject:** Luleff v. Bank of America, N.A. et al., 06-cv-01435 (JGK) and Martinez v. Bank of America, N.A. et al., 08-cv-4964

Dear Counsel,

     Please find attached copies of a letter and its enclosure delivered by hand to the Honorable John G. Koeltl today, May 30, 2008.

Sincerely,

**Eric C. Love**
**Legal Assistant**
*Brower Piven,*
*A Professional Corporation*
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*The information contained in this email communication may contain confidential and/or privileged material, including information protected by the attorney-client and/or attorney's work product privileges. It is intended only for the person(s) or entity(ies) to which it is addressed. Receipt of this communication by any person(s) or entity(ies) other than those to whom it is addressed is unintended and does not constitute a waiver of any of the applicable privileges. If you are not an intended recipient, you are hereby notified that any review, retransmission, dissemination or other unauthorized use of, or the taking of any action in reliance upon, the information in this email (including any attachments) by any person(s) or entity(ies) other than the intended recipient is prohibited. If you have received this email in error, please contact the sender and delete the material from any computer on which it was received in error.*

*Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.*

# EXHIBIT D

**From:** Rusnak, Sharon L. [mailto:SRusnak@ReedSmith.com]
**Sent:** Wednesday, June 11, 2008 4:46 PM
**To:** Eric Love; David A.P. Brower
**Cc:** Hackett, Mary J.
**Subject:** Martinez v. Bank of America, N.A. et al., 08-cv-4964

David,

   As we discussed, Bank of America, N.A. and Bank of America Corporation will waive service pursuant to the terms of Rule 4(d) of the Federal Rules of Civil Procedure. Accordingly, Defendants will have 60 days from receipt of the waiver papers to plead or otherwise respond to the Complaint. The waiver of service shall not in any way constitute a waiver of any defense or objection Defendants may assert under the Federal Rules of Civil Procedure. Please send the papers to my attention at the address below. Thanks very much.

Sharon

Sharon L. Rusnak
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Phone: 412-288-4588
Fax: 412-288-3063

---

**From:** Eric Love [mailto:eric@browerpiven.com]
**Sent:** Friday, May 30, 2008 2:25 PM
**To:** cobrinik@juno.com; Messite, Andrew B.; Rusnak, Sharon L.; mswinograd@wlrk.com
**Subject:** Luleff v. Bank of America, N.A. et al., 06-cv-01435 (JGK) and Martinez v. Bank of America, N.A. et al., 08-cv-4964

Dear Counsel,

     Please find attached copies of a letter and its enclosure delivered by hand to the Honorable John G. Koeltl today, May 30, 2008.

Sincerely,

**Eric C. Love**
**Legal Assistant**
*Brower Piven,*
*A Professional Corporation*
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*The information contained in this email communication may contain confidential and/or privileged material, including information protected by the attorney-client and/or attorney's work product privileges. It is intended only for the person(s) or entity(ies) to which it is addressed. Receipt of this communication by any person(s) or entity(ies) other than those to whom it is addressed is unintended and does not constitute a waiver of*

*any of the applicable privileges. If you are not an intended recipient, you are hereby notified that any review, retransmission, dissemination or other unauthorized use of, or the taking of any action in reliance upon, the information in this email (including any attachments) by any person(s) or entity(ies) other than the intended recipient is prohibited. If you have received this email in error, please contact the sender and delete the material from any computer on which it was received in error.*

*Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.*

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

* * *

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

# EXHIBIT E

# BROWER PIVEN

A PROFESSIONAL CORPORATION
488 MADISON AVENUE
EIGHTH FLOOR
NEW YORK, NEW YORK 10022
BrowerPiven.com

Telephone (212) 501-9000
Facsimile  (212) 501-0300

---

July 1, 2008

Sharon L. Rusnak
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Re:    *Martinez v. Bank of America, N.A. et al.,* 08-cv-4964 (S.D.N.Y.)

Dear Ms. Rusnak:

In accordance with your email of June 11, 2008, enclosed please find a Waiver of Service of Summons prepared pursuant to Rule 4 of the Federal Rules of Civil Procedure and a copy of the complaint in the above captioned action. Please have the signed Waiver returned to our office in the envelope provided. Thank you for your courtesies in this matter.

Very truly yours,

Eric C. Love
Legal Assistant/Not Admitted

# Waiver of Service of Summons

David A.P. Brower, Brower Piven, A Professional Corporation, counsel for Plaintiff DOUGLAS WAYNE MARTINEZ

I, Sharon L. Rusnak, acknowledge receipt of your request that I, as counsel for defendants BANK OF AMERICA, N.A and BANK OF AMERICA CORPORATION, waive service of a summons in the action of *Martinez v. Bank of America, N.A. et al.,* which is case number 08-cv-4964 in the United States District Court for the Southern District of New York.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against my clients, BANK OF AMERICA, N.A and BANK OF AMERICA CORPORATION, if an answer or motion under Rule 12 is not served upon you within 60 days after July 1, 2008.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |

Sharon L. Rusnak
As Counsel for Defendants

<u>Duty to Avoid Unnecessary Costs of Service of Summons</u>

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

**From:** Eric Love
**Sent:** Tuesday, July 01, 2008 5:51 PM
**To:** SRusnak@ReedSmith.com
**Cc:** David A.P. Brower
**Subject:** Martinez v. Bank of America, N.A. et al., 08-cv-4964

Dear Ms. Rusnak,

      Please find attached copies of a letter and its enclosure mailed today July 1, 2008. I apologize for any delay in providing these documents.

Sincerely,

**Eric C. Love**
**Legal Assistant**
***Brower Piven,***
*A Professional Corporation*
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile: (212) 501-0300

*The information contained in this email communication may contain confidential and/or privileged material, including information protected by the attorney-client and/or attorney's work product privileges. It is intended only for the person(s) or entity(ies) to which it is addressed. Receipt of this communication by any person(s) or entity(ies) other than those to whom it is addressed is unintended and does not constitute a waiver of any of the applicable privileges. If you are not an intended recipient, you are hereby notified that any review, retransmission, dissemination or other unauthorized use of, or the taking of any action in reliance upon, the information in this email (including any attachments) by any person(s) or entity(ies) other than the intended recipient is prohibited. If you have received this email in error, please contact the sender and delete the material from any computer on which it was received in error.*

*Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.*

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

*Koeltl, J*

PAUL BELLIKOFF, Individually and On Behalf
Of All Others Similarly Situated,

Plaintiff,

vs.

EATON VANCE CORP., EATON VANCE
MANAGEMENT, BOSTON MANAGEMENT
AND RESEARCH, LLOYD GEORGE
INVESTMENT MANAGEMENT (B.V.I.)
LIMITED, LLOYD GEORGE INVESTMENT
MANAGEMENT (BERMUDA) LIMITED,
ORBIMED ADVISORS LLC, JESSICA M.
BIBLIOWICZ, JAMES B. HAWKES, SAMUEL
L. HAYES, III, WILLIAM H. PARK, RONALD
A. PEARLMAN, NORTON H. REAMER, LYNN
A. STOUT, and JOHN DOES 1-100,

Defendants,

EATON VANCE TAX-MANAGED GROWTH
FUND 1.2, EATON VANCE TAX-MANAGED
GROWTH FUND 1.1, EATON VANCE TAX-
MANAGED GROWTH FUND 1.0, EATON
VANCE TAX-MANAGED DIVIDEND INCOME
FUND, EATON VANCE TAX-MANAGED
EQUITY ASSET ALLOCATION FUND,
EATON VANCE TAX-MANAGED
INTERNATIONAL GROWTH FUND, EATON
VANCE TAX-MANAGED MID-CAP CORE
FUND, EATON VANCE TAX-MANAGED

---------------------------------------------------x

Civil Action No. 1:04CV1144 (JGK)

Related Actions:

 1:04CV1617 (JGK)
 1:04CV1690 (JGK)
 1:04CV1759 (JGK)
 1:04CV2784 (UA)

[Caption continues on next page]

**REVISED STIPULATION AND [~~PROPOSED~~] PRETRIAL ORDER NO. 1
CONSOLIDATING THE ACTIONS**

```
——————————————————————————— x
```
MULTI-CAP OPPORTUNITY FUND, EATON         :
VANCE TAX-MANAGED SMALL-CAP
GROWTH FUND 1.2, EATON VANCE TAX-         :
MANAGED SMALL-CAP GROWTH FUND 1.1,        :
EATON VANCE TAX-MANAGED SMALL-
CAP VALUE FUND, EATON VANCE TAX-          :
MANAGED VALUE FUND, EATON VANCE
BALANCED FUND, EATON VANCE                :
GROWTH FUND, EATON VANCE LARGE-           :
CAP CORE FUND, EATON VANCE ATLANTA        :
CAP LARGE-CAP GROWTH FUND, EATON
VANCE LARGE-CAP VALUE FUND, EATON         :
VANCE ATLANTA CAP SMALL-CAP FUND,         :
EATON VANCE SMALL-CAP GROWTH
FUND, EATON VANCE SMALL-CAP VALUE         :
FUND, EATON VANCE SPECIAL EQUITIES        :
FUND, EATON VANCE UTILITIES FUND,
EATON VANCE ASIAN SMALL COMPANIES         :
FUND, EATON VANCE EMERGING                :
MARKETS FUND, EATON VANCE GREATER         :
CHINA GROWTH FUND, EATON VANCE
GREATER INDIA FUND, EATON VANCE           :
GLOBAL GROWTH FUND, EATON VANCE
WORLDWIDE HEALTH SCIENCE FUND,            :
EATON VANCE ADVISERS SENIOR
FLOATING-RATE FUND, EATON VANCE           :
ATLANTA CAPITAL INTERMEDIATE BOND         :
FUND, EATON VANCE CLASSIC SENIOR
FLOATING-RATE FUND, EATON VANCE           :
FLOATING-RATE FUND, EATON VANCE
FLOATING-RATE HIGH INCOME FUND,           :
EATON VANCE GOVERNMENT
OBLIGATIONS FUND, EATON VANCE HIGH        :
INCOME FUND, EATON VANCE INCOME           :
FUND OF BOSTON, EATON VANCE
INSTITUTIONAL SENIOR FLOATING-RATE        :
FUND, EATON VANCE LOW DURATION            :
FUND, EATON VANCE PRIME RATE
RESERVES, EATON VANCE STRATEGIC           :
INCOME FUND, EATON VANCE HIGH YIELD       :
MUNICIPALS FUND, EATON VANCE
MUNICIPAL BOND FUND, EATON VANCE          :
NATIONAL LIMITED MATURITY
```
——————————————————————————— x
```
[Caption continues on next page]

```
-----------------------------------------------x
MUNICIPALS FUND, EATON VANCE          :
NATIONAL MUNICIPALS FUND, EATON       :
VANCE ALABAMA MUNICIPALS FUND,        :
EATON VANCE ARIZONA MUNICIPALS        :
FUND, EATON VANCE ARKANSAS            :
MUNICIPALS FUND, EATON VANCE
CALIFORNIA LIMITED MATURITY           :
MUNICIPALS FUND, EATON VANCE          :
CALIFORNIA MUNICIPALS FUND, EATON     :
VANCE COLORADO MUNICIPALS FUND,       :
EATON VANCE CONNECTICUT
MUNICIPALS FUND, EATON VANCE          :
FLORIDA INSURED MUNICIPALS FUND,      :
EATON VANCE FLORIDA LIMITED           :
MATURITY MUNICIPALS FUND, EATON       :
VANCE FLORIDA MUNICIPALS FUND,        :
EATON VANCE GEORGIA MUNICIPALS        :
FUND, EATON VANCE HAWAII              :
MUNICIPALS FUND, EATON VANCE          :
KANSAS MUNICIPALS FUND, EATON         :
VANCE KENTUCKY MUNICIPALS FUND,       :
EATON VANCE LOUISIANA MUNICIPALS      :
FUND, EATON VANCE MARYLAND            :
MUNICIPALS FUND, EATON VANCE          :
MASSACHUSETTS MUNICIPALS FUND,        :
EATON VANCE MASSACHUSETTS LIMITED     :
MATURITY MUNICIPALS FUND, EATON       :
VANCE MICHIGAN MUNICIPALS FUND,       :
EATON VANCE MINNESOTA MUNICIPALS      :
FUND, EATON VANCE MISSISSIPPI         :
MUNICIPALS FUND, EATON VANCE          :
MISSOURI MUNICIPALS FUND, EATON       :
VANCE NEW JERSEY LIMITED MATURITY     :
MUNICIPALS FUND, EATON VANCE NEW      :
JERSEY MUNICIPALS FUND, EATON VANCE   :
NEW YORK LIMITED MATURITY
MUNICIPALS FUND, EATON VANCE NEW      :
YORK MUNICIPALS FUND, EATON VANCE     :
NORTH CAROLINA MUNICIPALS FUND,       :
EATON VANCE OHIO LIMITED MATURITY     :
MUNICIPALS FUND, EATON VANCE OHIO     :
MUNICIPALS FUND, EATON VANCE          :
-----------------------------------------------x
```

[Caption continues on next page]

```
―――――――――――――――――――――――――x
OREGON MUNICIPALS FUND, EATON          :
VANCE PENNSYLVANIA LIMITED             :
MATURITY MUNICIPALS FUND, EATON        :
VANCE PENNSYLVANIA MUNICIPALS          :
FUND, EATON VANCE RHODE ISLAND         :
MUNICIPALS FUND, EATON VANCE SOUTH     :
CAROLINA MUNICIPALS FUND, EATON        :
VANCE TENNESSEE MUNICIPALS FUND,       :
EATON VANCE VIRGINIA MUNICIPALS        :
FUND, EATON VANCE WEST VIRGINIA        :
MUNICIPALS FUND (collectively, the "Eaton :
Vance Funds"),                         :
                                       :
              Nominal Defendants.      :
―――――――――――――――――――――――――x
```

WHEREAS, the five above-referenced actions (the "Actions") allege violations of the Investment Company Act of 1940 (the "Investment Company Act"), the Investment Advisers Act of 1940 (the "Investment Advisers Act") and breaches of fiduciary duties and aiding and abetting breaches of fiduciary duties;

WHEREAS, the plaintiffs in the Actions, through their undersigned counsel, hereby stipulate that consolidation of the Actions is appropriate pursuant to Fed. R. Civ. P. 42(a);

WHEREAS, counsel for the plaintiffs have also conferred with counsel for those defendants who have entered appearances in the Actions and such defendants have no objection to the consolidation of the Actions pursuant to Fed. R. Civ. P. 42(a);

NOW, THEREFORE, THE COURT ORDERS as follows:

## I. CONSOLIDATION OF NEWLY-FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts and alleges a violation of the Investment Company Act, the Investment Advisers Act, breaches of fiduciary duty or aiding and abetting breaches of fiduciary duty and is brought against the same defendants is hereinafter filed in or transferred to this Court, it shall be consolidated with these Actions pursuant to Fed. R. Civ.

P. 42(a). They shall be consolidated into the first-filed Action, *Paul Bellikoff v. Eaton Vance Corp., et al.*, Master File No. 04-cv-1144 (JGK).

## II.   CAPTION OF CASES

Every pleading filed in these Actions shall bear the following caption:

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re EATON VANCE MUTUAL FUNDS FEE LITIGATION | ) ) ) | MASTER FILE: 04-cv-1144 (JGK) |

When a pleading or other court paper filed in these Actions is intended to apply to all actions therein, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to be applicable to less than all such actions, the party filing the document shall indicate, immediately after the words "THIS DOCUMENT RELATES TO:" the action(s) to which the document is intended to be applicable by last name of the plaintiff(s) and the docket number(s).

## III.   MASTER DOCKET

A Master Docket is hereby established for the Action, including actions subsequently consolidated herein pursuant to this Order. Entries in said Master Docket shall be applicable to the Action, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed nor other docket entries made.

When a paper is filed and the caption shows that it is applicable to fewer than All

Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of

each separate action to which it applies and shall note such filing in the Master Docket and in the

docket of each separate action. The party filing such paper shall supply the Clerk with sufficient

copies of any such paper to permit compliance with this paragraph.

## IV.  MASTER FILE AND SUBSEQUENT ACTION FILES

A Master File is hereby established for this proceeding in the Action. The Master File

shall be Civil Action No. 04-cv-1144 (JGK). The original of this Order shall be filed by the

Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of

the subsequently-filed actions and filings shall be made in accordance with the regular

procedures of the Clerk of the Court, except as modified by this Order. The Clerk shall file a

copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to

counsel of record in each of the subsequently-filed actions.

## V.  NEWLY-FILED OR TRANSFERRED ACTIONS

When a case that arises out of the same operative facts and is brought against the same

defendants as these Actions is hereinafter filed in or transferred to this Court, it shall be

consolidated with the Actions as provided in Section I above and the Clerk of this Court shall:

(a)     File a copy of this Order in the separate file for such action;

(b)     Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the

newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred

case; and

(c)     Make the appropriate entry in the Master Docket.

3

This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of this litigation.

## VI.  APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions and brought on behalf of all investors in the mutual fund shares of Eaton Vance Funds. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and which is assigned to the undersigned, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to the counsel of that party. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently-filed or transferred case is permitted by the Court to use a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to that complaint.

## VII.  SCOPE OF ORDER

The terms of this Order shall not have the effect of making any person, firm, or entity a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Procedure. The terms of this Order and the consolidation ordered herein shall not constitute a waiver by any party of any claims in or defenses to any action. This Order is without prejudice to any position that defendants wish to assert with respect to the issues of Lead Counsel or Lead Plaintiffs.

## VIII.  PRELIMINARY SCHEDULE OF PROCEEDINGS

The parties agree and stipulate, subject to the Court's approval, to the following schedule:

4

(a)    Plaintiffs' Lead Counsel shall file a first amended complaint within thirty (30) days of the date of the entry of an Order appointing Lead Counsel, unless otherwise agreed by the parties and so ordered by the Court. Pending filing and service of the first amended complaint, defendants shall have no obligation to move, answer or otherwise respond to any of the complaints in any actions subsequently consolidated with it.

(b)    Within thirty (30) days following service of the first amended complaint, defense counsel will outline their objections to such complaint in a letter to plaintiffs' counsel. Should the Court or either plaintiffs or defendants so request, the letter will be accompanied by a conference with the Court. Within thirty (30) days following service of such letter, Lead Counsel will either file a second amended complaint in which event the defendants' opposition motions will be directed to the second amended complaint, or advise defendants' counsel that it stands on the first amended complaint in which event the defendants' opposition motions will be directed to the first amended complaint. In the event that plaintiffs do not file a second amended complaint, defendants' opposition motions shall be served within thirty (30) days after service of such written notice by plaintiffs that they intend to stand on their first amended complaint.

(c)    In the event any of the defendants files a motion, answer or other response directed at the second amended complaint, the defendants shall serve their motion, answer or response, and brief in support thereof, within thirty (30) days after service of such second amended complaint.

(d)    In the event any of the defendants files a motion, answer or other response directed at the first or second amended complaint, the Lead Counsel shall file any opposition to such motion within thirty (30) days of service of such motion and defendants shall file their reply to such opposition within thirty (30) days of service of the opposition filed by Lead Counsel.

5

(e)     The parties will further confer and propose to the Court a mutually agreeable

schedule for briefing on issues related to class certification.

Dated: April 23, 2004

MILBERG WEISS BERSHAD
HYNES & LERACH LLP

Steven G. Schulman (SGS – 2561)
Janine L. Pollack (JLP – 0178)
Kim E. Levy (KEL – 6996)
Peter E. Seidman (PES – 8769)
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

*Counsel for Plaintiff Paul Bellikoff and Proposed
Lead Counsel and Chair of the Plaintiffs'
Executive Committee*

MURRAY, FRANK & SAILER LLP
Brian P. Murray (BM-9954)
Eric J. Belfi (EB-8895)
275 Madison Avenue
34th Floor
New York, NY 10016-1101
(212) 682-1818

*Counsel for Plaintiff Marvin Goldfarb and
Proposed Member of the Plaintiffs' Executive
Committee*

WEISS & YOURMAN
Joseph H. Weiss (JW-4534)
551 Fifth Avenue
New York, NY 10176
(212) 682-3025

*Counsel for Plaintiff John B. Perkins and
Proposed Member of Plaintiffs' Executive
Committee*

6

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz, Esquire
Richard A. Maniskas, Esquire
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA  19004
(610) 667-7706

*Counsel for Plaintiff Igor Lukashevich and
Proposed Member of Plaintiffs' Executive
Committee*

**DAVID B. KAHN & ASSOCIATES, LTD.**
David B. Kahn
Mark E. King
One Northfield Plaza, Suite 100
Northfield, IL  60093
(847) 501-5083

*Counsel for Plaintiff Phyllis Ann Jaffee Revocable
Trust and Proposed Member of the Plaintiffs'
Executive Committee*

**FRUCHTER & TWERSKY**
Jack G. Fruchter (JF-8435)
One Pennsylvania Plaza
Suite 1910
New York, NY  10119
(212) 279-5050

*Counsel for Plaintiff Paul Bellikoff*

**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, MD  21202
(410) 332-0030

*Counsel for Plaintiff Paul Bellikoff*

7

**STULL STULL & BRODY**
Jules Brody (JB-9151)
Aaron Brody (AB-5850)
Tzivia Brody (TB-7268)
6 East 45th Street
New York, NY 10017
(212) 687-7230

*Counsel for Plaintiff John B. Perkins*


**GLANCY BINKOW & GOLDBERG LLP**
Michael M. Goldberg
1801 Ave. of the Stars
Suite 311
Los Angeles, CA 90067
(310) 201-9150

*Counsel for Plaintiff Marvin Goldfarb*


**WECHSLER HARWOOD LLP**
Robert Ira Harwood
Samuel K. Rosen
488 Madison Avenue, 8th Floor
New York, NY 10022
(212) 935-7400

*Counsel for Plaintiff Phyllis Ann Jaffee Revocable Trust*


**KIRKPATRICK & LOCKHART LLP**

Dated: April 23, 2004

Loren Schechter (LS-3694)
David Pollok (DP-6138)
599 Lexington Avenue
New York, NY 10022-6030
(212) 536-3900

8

**KIRKPATRICK & LOCKHART LLP**
Charles Lee Eisen
Jeffrey B. Maletta
Nicholas G. Terris
1800 Massachusetts Avenue, N.W.
2nd Floor
Washington, DC 20036-1800
(202) 778-9000

*Counsel for Defendants Eaton Vance Corp.,*
*Eaton Vance Management, Boston Management*
*and Research, and James B. Hawkes*

**GOODWIN PROCTER, LLP**

Dated: April 23, 2004

*Adam B. Michaels (aw)*
Adam B. Michaels (AM-9120)
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

**GOODWIN PROCTER, LLP**
James S. Dittmar (JD-3188)
Stuart M. Glass (SG-6056)
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

*Counsel for Defendants Samuel L. Hayes, III,*
*William H. Park, Ronald A. Pearlman, Norton H.*
*Reamer and Lynn A. Stout*

9

**YURKO & SALVESEN, P.C.**

Dated: April 28, 2004

*Sanford F. Remz (AH)*

Sanford F. Remz (SR-1828)
One Washington Mall, 11th Floor
Boston, MA  02108-2603
(617) 723-6900

*Counsel for Nominal Defendants The Eaton
Vance Funds*

**SHEARMAN & STERLING LLP**

Dated: April 23, 2004

*Adam S. Hakki (AH)*

Tai H. Park (TP-2607)
Adam S. Hakki (AH-3561)
Piret Loone (PL-6597)
599 Lexington Avenue
New York, NY  10022
(212) 848-4000

*Counsel for Defendant Orbimed Advisors LLC*

IT IS SO ORDERED

Dated: April 27, 2004

Hon. John G. Koeltl, U.S.D.J.

10