Andrew B. Messite (AM-3748)
Casey D. Laffey (CL-1483)
Reed Smith LLP
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
claffey@reedsmith.com
amessite@reedsmith.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| DOUGLAS WAYNE MARTINEZ, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> BANK OF AMERICA, N.A. and ) </br> BANK OF AMERICA CORPORATION, ) </br> ) </br> Defendants. ) </br> ) | Case No. 1:08-cv-04964 (JGK) |

---

## **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, New York 10022

REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219

*Attorneys for Defendants*
*Bank of America, N.A. and Bank of America Corporation*

## **TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ................................................................................1

II.  THE COMPLAINT PLEADS VERY FEW FACTS .................................................2

III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILING TO MEET
     THE PLEADING REQUIREMENTS SET FORTH IN *TWOMBLY*..............................4

IV.  CONCLUSION..........................................................................................................8

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Bell Atlantic Corp. v. Twombly,*
  127 S.Ct. 1955 (2007) .................................................................................................. 2, 4, 5

*Brooks v. Wachovia Bank, N.A.,*
  No. 06-cv-00955 (E.D. Pa. Sept. 14, 2007) ......................................................................... 1

*Bryson v. Gonzales,*
  No. 07-6071, 2008 U.S.App. LEXIS 15962 (10th Cir. July 28, 2008) ............................... 5

*Conley v. Gibson,*
  355 U.S. 41 (1957) ............................................................................................................. 4

*Dorcely v. Wyandanch Union Free School District,*
  No. 06-CV-1265, 2007 U.S. Dist. LEXIS 71068 (E.D.N.Y. Sept. 25, 2007) ............... 4, 5, 7

*Hudson v. Captain Lockhart,*
  554 F.Supp. 494 (S.D.N.Y. 2008) ....................................................................................... 7

*Hughes v. LaSalle Bank, N.A.,*
  419 F. Supp. 2d 605 (S.D.N.Y. 2006) ................................................................................. 1

*In re Elevator Antitrust Litig.,*
  502 F.3d 47 (2d Cir. 2007) ................................................................................................. 5

*In re Musicland Holding Corp.,*
  No. 07 Civ. 8423, 2008 U.S. Dist. Lexis 40865 (S.D. N.Y. May 22, 2008) .................... 4, 7

*Iqbal v. Hasty,*
  490 F.3d 143 (2nd Cir. 2007) ............................................................................................... 5

*Kutten v. Bank of America, N.A.,*
  No. 06-cv-0937, 2007 WL 2485001 (E.D. Mo., Aug. 29, 2007), *aff'd*, 530 F.3d 669 (8th Cir. 2008) ................................................................................................................................ 1

*Kutten v. Bank of America,*
  No. 4:04-cv-0244, 2006 WL 1520588 (E.D. Mo. May 26, 2006) ................................... 1, 2

*Rabin v. JPMorgan Chase Bank, N.A.,*
  No. 06-C-5452, 2007 WL 2295795 (N.D. Ill. Aug. 3, 2007) .............................................. 1

*Reinke v. Bank of America,*
  No. 4:04-cv-01758, 2005 WL 3454428 (E.D. Mo. Dec. 16, 2005) .................................... 1

*Segal v. Fifth Third Bank, N.A.,*
  No. 1:07-cv-348, 2008 WL 819290 (S.D. Ohio Mar. 25, 2008) ......................................... 1

*Siepel v. Bank of America, N.A.,*
  239 F.R.D. 558 (E.D. Mo. 2006), *aff'd*, 526 F.3d 1122 (8th Cir. 2008) ........................... 1, 2

*Siepel v. Bank of America, N.A.,*
  No. 4:05-cv-02393 (E.D. Mo.) ........................................................................................... 2

*Spencer v. Wachovia Bank, N.A.,*
  No. 05-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006) ............................................. 1

*Wells Fargo Bank, N.A. v. Superior Court of San Francisco County,*
  159 Cal. App. 4th 381 (Cal. App. 1st Dist. 2008) .............................................................. 1

**Rules**

Fed. R. Civ. P. 8 ................................................................................................................. 2, 8
Fed. R. Civ. P. 12 .................................................................................................................. 8
Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 2

## I. PRELIMINARY STATEMENT

Plaintiff's Complaint follows a well worn path. A consortium of plaintiffs' attorneys has filed more than ten putative class actions against Bank of America, N.A. (the "Bank") and Bank of America Corporation, as well as other banks, challenging the investment and administration of personal trust assets. As numerous courts have done previously, this Court should grant Defendants' motion to dismiss Plaintiff's Complaint.[1]

In an apparent attempt to avoid the pitfalls leading to prior dismissals, Plaintiff has stripped his Complaint of nearly all facts, leaving only bald legal conclusions. The only facts Plaintiff does include in his Complaint are that he is an Oklahoma resident and he has filed suit on behalf of his Aunt. The lack of any factual allegations compels dismissal. Nowhere in the Complaint does it say what the Bank did wrong. It has no facts about the trust at issue, not one, except that Mr. Martinez resides in Oklahoma. It includes rambling recitation of information that has no bearing on the claims. For example, the Complaint quotes from an advertisement published six years ago and quoted in prior complaints, but it does not even allege that Mr.

---

[1] See Hughes v. LaSalle Bank, N.A., 419 F. Supp. 2d 605 (S.D.N.Y. 2006), vacating dismissal decision on jurisdictional grounds, 2007 WL 4103680 (2d Cir. Nov. 19, 2007); Spencer v. Wachovia Bank, N.A., No. 05-81016, 2006 WL 3408043 (S.D. Fla. May 10, 2006) (granting motion to dismiss); Reinke v. Bank of America, No. 4:04-cv-01758, 2005 WL 3454428 (E.D. Mo. Dec. 16, 2005) (granting motion to dismiss for lack of subject matter jurisdiction); Kutten v. Bank of America, No. 4:04-cv-0244, 2006 WL 1520588 (E.D. Mo. May 26, 2006) (granting motion to dismiss for lack of subject matter jurisdiction); Siepel v. Bank of America, N.A., 239 F.R.D. 558 (E.D. Mo. 2006) (summarizing the history of several of the cases filed against the Bank by the consortium and granting motion to dismiss), aff'd, 526 F.3d 1122 (8th Cir. 2008); Brooks v. Wachovia Bank, N.A., No. 06-cv-00955 (E.D. Pa. Sept. 14, 2007) (granting motion to dismiss), appeal pending; Rabin v. JPMorgan Chase Bank, N.A., No. 06-C-5452, 2007 WL 2295795 (N.D. Ill. Aug. 3, 2007) (granting motion to dismiss); Kutten v. Bank of America, N.A., No. 06-cv-0937, 2007 WL 2485001 (E.D. Mo., Aug. 29, 2007) (granting motion to dismiss), aff'd, 530 F.3d 669 (8th Cir. 2008); Segal v. Fifth Third Bank, N.A., No. 1:07-cv-348, 2008 WL 819290 (S.D. Ohio Mar. 25, 2008) (granting motion to dismiss case which was filed by the same Plaintiff's counsel as in this action), appeal pending; and Wells Fargo Bank, N.A. v. Superior Court of San Francisco County, 159 Cal. App. 4th 381 (Cal. App. 1st Dist. 2008) (directing trial court to sustain demurrer).

Martinez read the ad or relied upon it. It does reference Bank acquisitions, but nowhere does the Complaint allege that the trust at issue had any other trustee than Bank of America, N. A. While the Complaint does allege that the Bank "used fiduciary assets," it does not say how it used those assets, to do what, when or where. And while the Complaint alleges that the Bank charged excessive fees pursuant to a "wholesale business policy," it never identifies what the policy was or for what service the fees were charged – such as checking accounts, mortgage loans, brokerage or some other service. The Complaint is replete with rhetoric, circular legal conclusions and nothing more. Following *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the Complaint does not meet the requirements of Rule 8 and does not state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, this case should be dismissed.

## II.     THE COMPLAINT PLEADS VERY FEW FACTS

The *Martinez* Complaint is without a doubt a word processed version of the 30 complaints Bank of America has had to address before. It includes the same advertisement of many years ago quoted in prior cases against Bank of America, some of the same definitions and defined terms (e.g, "Acquired Bank"), the same bald state law causes of action and the same odd, non-sensical requests for injunctive relief (e.g., "entry of judgment compelling the Bank to fully insulate its fiduciary operations from all of its other business activities").[2] But admittedly, the similarities end there.

Nowhere in the Complaint does it say what the Bank did wrong. Indeed, the only fact concerning the trust at issue is that Mr. Martinez resides in Oklahoma. The Complaint has no allegations, for example, as to what services were allegedly not provided to Plaintiff's Aunt or

---

[2] *See, e.g, Siepel v. Bank of America, N.A.*, No. 4:05-cv-02393 (E.D. Mo.), Docket Entry Nos. 1, 45, 83; *Kutten v. Bank of America, N.A.*, No. 4:04-cv-0244 (E.D. Mo.), Docket Entry Nos. 1, 3, 102, 127, 275. The Bank has faced more than 30 complaints with these same threads. *See Siepel*, 239 F.R.D. at 571 (denying further amendment due to Plaintiffs' "shilly-shally[ing]" with amendments).

what fees the Bank should not have charged to her trust. While the Complaint references Bank acquisitions, it does not allege that the trust at issue had any trustee other than Bank of America, N.A. It does allege that the Bank has call centers, but nowhere does it allege that the trust at issue was placed in a call center, and even if it was, how this was improper or caused harm to the trust at issue or any other trust.

While the Complaint alleges that the Bank "used fiduciary assets," it does not say how it used those assets, to do what, when or where. Paragraphs 17 and 18 of the Complaint are representative examples of the vagueness of the Complaint. There Mr. Martinez alleges that the Bank engaged in wrongful conduct and used accounts as "cookie jars" (the same language used in prior complaints),[3] but he never goes on to explain how or what the Bank actually did. The purported common class questions are non-sensical and add no clarity. Complaint ¶31. And finally, the causes of action are as bare bones as a pleading can be. Count I has two paragraphs, and Count III has three. Defendant Bank of America Corporation is not even referenced in the causes of action. And while the Complaint alleges that the Bank charged excessive fees (*Id.* ¶¶13, 34) pursuant to a "wholesale business policy" (*Id.* ¶34), it never identifies what the policy was or for what service the fees were charged – such as checking accounts, mortgage loans, brokerage or some other service. The Complaint simply states that the fees were for "additional management, investment advisory and/or other fees, charges and benefits." (*Id.* ¶35). The Complaint is replete with circular legal conclusions and nothing more. There are no facts pled to state a claim.

---

[3]  The Complaint presumably includes a typographical error in paragraph 17 because Plaintiff alleges that the Bank "did, in fact, provide 'comprehensive solutions' for the fiduciary accounts in its care . . . ."

### III. THE COMPLAINT SHOULD BE DISMISSED FOR FAILING TO MEET THE PLEADING REQUIREMENTS SET FORTH IN *TWOMBLY*

As summarized above, the Complaint does not plead a single fact about the trust at issue. It does not contain any details of the purported "wrongful" conduct except that it was wrongful and constituted a breach of fiduciary duty, and it is replete with circular legal conclusions. The Complaint, therefore, does not meet the pleading standard set forth in *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007). Mere labels and conclusions, which is all Martinez offers here, are not sufficient. *In re Musicland Holding Corp.*, No. 07 Civ. 8423, 2008 U.S. Dist. Lexis 40865, at *25-26 (S.D. N.Y. May 22, 2008).

The Complaint should be dismissed for failing to comply with Rule 8 and for failing to state a claim. Last year, the Supreme Court clarified the pleading standard for evaluating a motion to dismiss under Rule 8 and 12(b)(6). In *Twombly*, 127 S.Ct. 1955 (2007), the Court disavowed the standard set forth in *Conley v. Gibson*, 355 U.S. 41(1957) that a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." According to the Supreme Court, this language is "best forgotten." *See Dorcely v. Wyandanch Union Free School District*, No. 06-CV-1265, 2007 U.S. Dist. LEXIS 71068, at * 8 (E.D.N.Y. Sept. 25, 2007).

Under *Twombly,* a plaintiff must allege sufficient facts to state a claim that is plausible on its face:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief about the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly,* 127 S.Ct. at 1964-65. According to the Court of Appeals, a pleader must amplify his claim with some factual allegations in those contexts where such amplification is needed to

- 4 -

render the claim plausible. *Dorcely*, 2007 U.S. Dist. LEXIS, at *9 citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007). *Twombly* "requires enough facts to 'nudge (plaintiffs') claims across the line from conceivable to plausible.'" *Dorcely*, 2007 U.S. Dist. LEXIS, at *9 quoting *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). The Bank accepts that the Court must still accept all factual allegations as true for purposes of considering this motion, but the Court need not accept legal conclusions as true. *Twombly*, 127 S.Ct. at 1965.

As the Court of Appeals for the Tenth Circuit recently stated: "if the complaint is sufficiently devoid of facts necessary to establish liability that it 'encompass[es] a wide swath of conduct, **much of it innocent**,' a court must conclude that 'plaintiffs "have not nudged their claims across the line from conceivable to plausible."'" *Bryson v. Gonzales*, No. 07-6071, 2008 U.S.App. LEXIS 15962, at * 12 (10th Cir. July 28, 2008) (quoting *Twombly*, 127 S.Ct. at 1974) (emphasis added). Plaintiff offers nothing more here. As the Court of Appeals explained further:

> Plaintiffs thus omit important factual material at their peril. While a complaint must be "short and plain," it must also "show []" (not merely assert) that relief is appropriate if it is true. . . . . Thus, "[d]espite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." . . . . This is the compromise enacted by *Rule 8's* notice pleading. Technical fact pleading is not required, but the complaint must still provide enough factual allegations for a court to infer potential victory.
>
> This pleading requirement serves two purposes. First, it ensures that defendants know "the actual grounds of the claim against them," and can therefore prepare a defense. . . . . Second, it "avoid[s] ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim. . . . Often these two purposes will be related: a complaint that omits too many crucial facts can both fail to notify defendants how to prepare a defense and waste time and money on fruitless discovery for a losing claim.

*Id.* at **12-13 (dismissing claim against defendant where plaintiffs failed to alleged sufficient facts).

As with many legal arguments, the devil is in the details. A review of Plaintiff's allegations confirms he has not met the pleading standard in *Twombly*:

| Paragraph in Complaint | Plaintiff's Allegations | Deficiencies |
|---|---|---|
| 2. | The Bank "used fiduciary accounts and the assets therein to generate improperly additional fee income." | There are no facts as to what the Bank did, how it used the accounts or assets or what additional fees were incurred. |
| 3. | All class members were harmed by the Bank's breach. | No facts or specificity. |
| 11. | Plaintiff resides in Oklahoma. | Not actionable. |
| 14. | The Bank offers a variety of financial planning. | Not actionable. |
| 15. | The Bank advertises. | Not actionable. |
| 16. | The Bank held itself out as a "Private Bank." | Not actionable. |
| 17. | The Bank used the accounts to maximize profits including double dipping on fees and charging unnecessary fees. | No facts or specificity. There are no allegations as to what improper fees were charged or whether Plaintiff's trust at issue was even charged those fees. |
| 18. | The Bank's conflict of interest caused massive damage to Plaintiff. | No facts or specificity. There are no facts as to what conflict arose in connection with Plaintiff's trust. |
| 19. | Defendants have acquired other banks. | Not actionable. |
| 20. | The Bank provided accounts with less service. The Bank terminated employees, closed departments and created call centers. | No facts or specificity. There are no allegations of what services were not provided to Plaintiff. Further, the allegations as to employees and call centers are not actionable. |

| Paragraph in Complaint | Plaintiff's Allegations | Deficiencies |
|---|---|---|
| 21. | As part of the acquisition process, the Bank reduced services. | Not actionable. |
| 22. | Defendants' senior officers should have known that call centers would lead to reduced service. | Not actionable. |
| 23. | Defendants were unjustly enriched. | Legal conclusion. |

Plaintiff's Complaint is filled with statements that are not actionable, even if accepted as true, and labels and conclusions. Stripped of the class action rhetoric, Plaintiff Martinez has not stated a claim for relief on his own behalf. He never states what services were not provided, when and what purported extra fees the trust at issue paid, for what service. Simply stated, other than some purported wrongful conduct, he never states what the Bank did that is actionable with respect to the Zetsche Trust. Courts in this district have held that similar, conclusory allegations are insufficient to state a claim under *Twombly*. *Dorcely*, 2007 U.S. Dist. LEXIS 71068, at *12 (dismissing complaint where plaintiff offered only conclusory allegations and no specific instances of misconduct); *Hudson v. Captain Lockhart*, 554 F.Supp. 494 (S.D.N.Y. 2008) (dismissing complaint where plaintiff offered only conclusory allegations).

In *In re Musicland Holding Corp.*, 2008 U.S. Dist. LEXIS 40865 (S.D. N.Y. May 22, 2008), the intercreditor agreement prohibited affiliated financing, and the debtor asserted a claim for breach of the agreement for alleged affiliated financing. The bankruptcy court dismissed the claim, and the district court affirmed. According to the district court, the debtor did not plead any facts to establish the purported relationship or affiliation and offered no facts to support the conclusory allegation of a "charade." *Id.* at *25. Similarly, Plaintiff's repeated allegations of

- 7 -

wrongful conduct and breaches of fiduciary duty cannot sustain a claim without some facts as to the conduct giving rise to the claim.

## IV.   CONCLUSION

Because the Complaint does not plead sufficient facts to state a plausible claim for relief, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, this case should be dismissed.

Dated: New York, New York
       August 28, 2008

REED SMITH LLP

By: _____
Andrew B. Messite (AM-3748)
Casey D. Laffey (CL-1483)
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5445
Facsimile: (212) 521-5411

Gregory B. Jordan
Mary J. Hackett
Sharon L. Rusnak
REED SMITH LLP
435 Sixth Avenue
Pittsburgh, PA 15219
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

*Attorneys for Defendants*
*Bank of America, N.A. and*
*Bank of America Corporation*